# Torbert *v.* Hale County.

*Action by Sheriff against County for Compensation for attending Court.*

1. *Officers; when fees allowed.*—The law of fees and costs is strictly construed; and an officer demanding fees for services rendered must point to some clear and definite provision of the law which authorizes the demand; and compensation will not be allowed, unless it is conferred by the strict construction of the language of a statute.

2. *Fees of sheriff for attending court.*—The sheriff of a county is not entitled to extra compensation for his services and attendance upon the regular terms of county and circuit courts, when such courts are engaged in the trial of criminal cases.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

This action was brought by the appellant, William E. Torbert, against Hale county, to recover of the county a sum of money alleged to be due the plaintiff by the county for services rendered by him while sheriff of

[Torbert v. Hale County.]

said county in attendance upon the terms of the circuit and county courts of said county. The complaint contained two counts, as stated in the opinion. The defendant filed a demurrer to each of the counts, which assigned in various ways the ground that there was in law no warrant or authority by which the plaintiff, as sheriff, could claim, or the commissioners court allow, such compensation for his attendance upon said court. The court sustained each of these demurrers, and, the plaintiff declining to plead over, judgment was rendered for the defendant. The plaintiff appeals, and asigns as error the sustaining of the demurrer to the complaint.

DEGRAFFENRIED & EVINS, for appellant.—The county court of Hale county is a special court for the trial of criminal cases.—8 Am. & Eng. Ency. Law (2d ed.), 36. Therefore, the plaintiff was entitled to recovery for attendance upon said court.—Code, § 4565.

THOS. E. KNIGHT, contra.—It is very obvious that there is no express statutory provision for the payment of the fees claimed in the present suit. The law of cost and fees is held to be penal, and "no fee must be demanded or received except in cases expressly authorized by law."—Code, § 1353. The officer demanding the fee for services must point to some clear and definite provision of the statute, which authorizes him to make the charge. Statutes giving cost are not to be extended beyond their letter.—Troup v. Morgan Co., 109 Ala. 162; Tillman v. Wood, 58 Ala. 578; Bradley v. State, 69 Ala. 318; Williams v. Flowers, 90 Ala. 136.

TYSON, J.—The complaint contains two counts. The first seeks to enforce a liability against the county for services rendered by the plaintiff, in his official capacity as sheriff, for attendance upon the county court. The second, for services rendered for attendance upon the circuit court during and while that court was engaged in the trial of criminals. A demurrer going to the right of the plaintiff to have compensation for the

services rendered by him was sustained to each of the counts.

"The law of fees and costs must be held to be penal and no fee must be demanded or received except expressly authorized by law."—Code § 1353. An officer demanding fees for services rendered must point to some clear and definite provision of the statute, which authizes, the demand, and the compensation cannot be allowed, unless it is conferred by a strict construction of the language employed in the statute. Statutes giving costs or fees will not be extended beyond their letter.—*Troup v. Morgan County*, 109 Ala.162, and cases cited. It is of no consequence that the law imposes the duty upon the plaintiff to perform the services alleged to have been performed if there is no provision compensating him for it. "Those who accept public offices, which require them to render services to the State, must take the office *cum onere*—the rendition of such services gratuitously, unless, by express statutory provision, compensation is fixed, and an express liability for its payment imposed."—*Pollard v. Brewer*, 59 Ala. 130.

Two sections of the Code are relied upon as fixing the compensation claimed by plaintiff in the first count and as imposing a liability upon the defendant. The first, to which we will now advert, is section 4596 of the Code. Confessedly, this section imposes the duty upon the sheriff or deputy sheriff to attend upon the sittings of the county court; and also provides, in the event that either of them fails to attend, for the appointment by the court of some suitable person to perfor the duties which they would be required to perform, if present, and for compensation to be paid to that person. Clearly, under the rule requiring a strict construction, the provision for compensation cannot be extended to the sheriff or his deputy. Indeed, by no rule of construction can the language employed be held to refer to either of them.

The next section relied upon is section 4565 of the Code. This makes provision for fees of sheriffs in criminal cases. After enumerating certain fees to which sheriffs are entitled, the following provision is made: "For summoning jury in capital case, or at any specal

10

court for trial of criminal, $3. For attendance each day
on such court, to be paid by the county, $2." These pro-
visions first made their appearance into our statutory
system of laws in 1852, when the Code of that date was
adopted.—§ 3992. As there found they read: "For
summoning jury in capital case, $3. For summoning
jury at any special court for trial of criminal, $3. At-
tendance on such court each day, $2." It is apparent
that the only substantial difference in phraseology be-
tween the two statutes quoted is such as resulted in
combining the two provisions allowing the fee of $3
for summoning jury in a capital case and for summon-
ing jury at any special court for the trial of criminals,
and by imposing the liability for attendance on such
court upon the county; a difference which cannot and
does not work any change of such nature, as would
justify a different construction, so far as the point here
involved is concerned. When the Code of 1852 was
adopted, the only court at that time, and for many years
thereafter, having jurisdiction of criminal cases to be
tried by jury, was the circuit court. County courts had
not been established, and were not established until the
adoption of the penal Code of 1866.—§§ 380, et seq.
Under section 634 of the Code of 1852, special or extra
terms of the circuit court were required to be holden
for the trial of any person charged with a felony, upon
his application. Sections 3446, et seq. provided how the
jury was to be drawn, and required the sheriff to sum-
mon them. Section 690 required the sheriff to attend
upon those special terms of the court. It will be well
to observe that the words used in section 3446 desig-
nate the court as "a special court for the trial of a per-
son charged with a felony," etc. Doubtless the words
employed in the provision for summoning jury "at any
special court" were borrowed from the language em-
ployed in section 3446, which as used in that section
meant nothing more than a special term of the circuit
court for the trial of criminals. In each codification
of our laws since the Code of 1852, special terms of
the circuit court have been authorized to be holden for
the trial of criminal cases, and sheriffs were required
to attend upon these courts.—Code of 1896, §§ 914,

[Southern Car & Foundry Co. v. Adams.]

3739.  It is clear, therefore, that the compensation al-
lowed sheriffs under the provisions of section 4565
above quoted is for attendance upon special terms of
the circuit courts, and has no application to county
courts.

What we have said sustains the correctness of the
judgment on the demurrer to the first count.  As the
second count predicates the plaintiff's right of recov-
ery for attendance upon the regular terms of the cir-
cuit court when engaged in the trial of criminal cases,
and not for attendance upon special terms of that
court held for that purpose, the demurrer to it was prop-
erly sustained.

Affirmed.