# Reese *v.* Cleburne County.

*Action of Assumpsit against a County.*

1. *Fees of officers: when allowed.*—Officers demanding fees for services rendered must show some clear and definite provision of the statute authorizing the demand; and the compensation will not be allowed, unless it is conferred by a strict construction of the language employed in the statute.

2. *Fees; clerk of Cleburne county court not entitled to fees for keeping minutes of court.*—The clerk of the county court of Cleburne county, which was established by act of the General Assembly, approved February 16, 1897, (Acts of 1896-97, p. 802), is not entitled to compensation for services rendered by him for keeping the minutes of said county court of Cleburne county, under the provisions of the act approved February 18, 1897, (Acts of 1896-97, p. 1461), and the act amendatory thereof, (Acts of 1900-1901, p. 392); such later acts being special or limited in their operation, and not extending so as to entitle the plaintiff to the compensation provided by them.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. JOHN PELHAM.

This was a suit brought by the appellant, M. B. Reese, against Cleburne county. The complaint contained five counts. The first count was in words and figures as follows: "The plaintiff claims of the defendant the sum of $852, due by the defendant to the plaintiff for services rendered by the plaintiff for keeping the minutes of the county court of Cleburne county, from, to-wit, April 9th, 1901, to February 9th, 1903, which said sum with the interest thereon, is still due and unpaid. And plaintiff avers that said claim for said services was duly and properly itemized and sworn to by him, and presented to the court of county commissioners of Cleburne county, Alabama, within 12 months after the same accrued or became payable, and was by said court of county commissioners, disallowed in whole; and plaintiff alleges that at the time of the rendition for services herein sued for, he was clerk of the county court of Cleburne county."

Each of the counts claimed several different sums alleged to be due to the plaintiff for services rendered in keeping the minutes of the court for certain designated times.

The defendant separately demurred to each of the counts of the complaint, upon the following grounds: "1st. For that the averments of the complaint show that the plaintiff did not sustain toward the defendant any such relation as would entitle him to claim against it for the services rendered by him in keeping the minutes of the county court of Cleburne county. 2d. For that the complaint does not show that the plaintiff held any such office created by law as would entitle him to demand against this defendant for services rendered by the plaintiff in keeping the minutes of the county court of Cleburne county. 3d. For that the act of the General Assembly of Alabama creating the office of clerk of the county court of Cleburne county did not provide any compensation to be paid by the county to a person holding such office for services rendered in keeping the minutes of the county court of Cleburne county. 4th. For

[Reese v. Cleburne County.]

that the law creating the office of clerk of the county court of Cleburne county and fixing his compensation as such clerk provides that he shall receive the same fees as clerks of the circuit court, to be collected as such fees are collected in the circuit court. 5th. For that the plaintiff as clerk of the county court of Cleburne county, is not by law either general or special entitled to compensation from this defendant for services rendered in keeping the minutes in the county court of Cleburne county."

The court sustained the demurrers of the defendant, and the plaintiff declining to plead further, judgment was rendered for the defendant. The plaintiff appeals, and assigns as error the judgment of the trial court in sustaining the defendant's demurrers to the complaint.

McCARTY & MERRILL, for appellant, cited Acts, 1896-97, p. 803, § 7; Acts, 1896-97, p. 804, § 4; Acts, 1898-99, p. 93, § 6; Acts, 1896-97, p. 1461; Acts, 1900-1, p. 80; *Troup v. Morgan County,* 109 Ala. 162.

BLACKWELL & AGEE and J. R. BARKER, *contra,* cited Acts, 1896-97, p. 1461; Acts, 1900-1, p. 392; Endlich on Interpretation of Statutes, §§ 223-4; *M. & O. R. R. Co. v. State,* 29 Ala. 573; *Tillman v. Wood,* 58 Ala. 578; *Troup v. Morgan County,* 109 Ala. 162.

TYSON, J.—The liability sought to be enforced in this action is "for services rendered by plaintiff for keeping the minutes of the county court of Cleburne county" as a clerk of said court.

For this service, it is insisted that he is entitled to two dollars per day. The office of clerk of said court was created by the act approved February 16, 1897, establishing a county court for the county of Cleburne, and conferring upon it the jurisdiction and powers conferred by law on the several circuit and chancery courts of the state.—Acts 1896-97, p. 802. By the act provision is made for his compensation in two places. The first is found in section 4, which provides that he "shall receive the same *fees* as clerks of the circuit courts to be collected as such *fees* are collected in the circuit courts." The second

in section 19 which reads: "The fees of the officers of said county court for services rendered  *  *  * shall be the same as are now or may hereafter be allowed for services in the circuit or chancery courts of the State, and payable in the same manner."

Manifestly this last clause was necessary in order that compensation might be had for services rendered by the clerk and other officers of the court in equity cases. Doubtless without it no remuneration for such services would have been collectable. At the date of the passage of this act there was no provision for the paying of clerks of the circuit courts for transcribing the minutes. However, two days later, on, to-wit, February 18, 1897, an act was passed allowing two dollars per day for the time the circuit court is in session to the clerks of the courts in certain counties for keeping the minutes where their *ex officio* fees are limited to two hundred dollars or less. Acts, 1896-97, p. 1461.

Subsequently this act was amended so as to include counties not covered by the former and excluding counties which were included.—Acts, 1900-01, p. 392. But neither of these include all the counties in the State, and are, therefore, not general laws. It is under these two acts that plaintiff asserts his right to the compensation sued for.

It will be noted that these acts were intended only to increase the compensation of the clerks of the circuit courts of the counties to which they apply, who are entitled under the general law to compensation for *ex officio* services not exceeding two hundred dollars. Such clerks as are entitled to compensation in a greater sum than two hundred dollars as well as those who are entitled to no compensation for *ex officio* services are not within their provisions.

These acts being special or limited in their operation to some of the counties and not including others, we entertain the opinion that their provisions cannot be extended so as to entitle the plaintiff to the compensation provided by them, even though it be conceded that the language in the act and the one amendatory thereof,

(Acts, 1898-99, p. 93), under which he performed the duties of his office, entitled him to compensation for *ex officio* services. The emoluments to which he is entitled are those allowed to clerks of the circuit courts by the general laws of the State.

This conclusion is in consonance with the former decision of this court relating to costs and fees. But it cannot be conceded that the language employed in the acts approved February 16, 1897, or the one amending it, w⁻⁾⁻ ⁻ correctly construed, confers on plaintiff the right to compensation for *ex officio* services.

"The law of fees and costs must be held to be penal, and no fee must be demanded or received except expressly authorized by law."—Section 1353 of the Code.

"An officer demanding fees for services rendered must point to some clear and definite provision of the statute which authorizes the demand; and the compensation cannot be allowed unless it is conferred by a strict construction of the language employed in the statute. Statutes giving costs or fees will not be extended beyond their letter. * * * It is of no consequence that the law imposes the duty upon the plaintiff to perform the services alleged to have been performed, if there is no provision compensating him for it."—*Torbert v. Hale County*, 131 Ala. 145, and cases cited.

A statute making provision for "fees" does not include compensation for *ex officio* services.—*Troup v. Morgan County*, 109 Ala. 162.

Affirmed.