# Espalla *v.* Mobile County.

### Assumpsit.

(Decided December 19, 1916.   Rehearing denied January 9, 1917.
73 South. 761.)

1. **Pleading; Demurrer; Admission.**—An allegation in the complaint that compensation had been fixed by the court of county commissioners at a stated sum as authorized by Acts 1915, p. 386, is to be taken as confessed upon demurrers to the complaint.

2. **Taxation; Board of Equalization; Statutes; Special Session.**—Construing §§ 77, 78, 80 and 82, Acts 1915, p. 386, it is held that the board of equalization could be convened in special session after August 1st, to hear objections to the assessment, where such objections could not all be heard before that date, as the word "fixed" may comprehend not only the valuation determined upon by the board in its original assessment, but any revision thereof when the board sits in a judicial capacity; any other construction would prevent a hearing of some of the objectors and thus deprive them of their constitutional rights to a day in court.

[Espalla v. Mobile County.]

3. **Same; Time of Meeting; Jurisdiction.**—The county board of equalization sitting to hear objections to assessments is a court of special and limited jurisdiction and must act within the term or time prescribed, otherwise its acts are coram non judice.

4. **Offices; Compensation.**—When the right to compensation of a public officer is challenged, such officer must be able to point out authority for demanding fees and salary.

5. **Taxation; Board of Equalization; Compensation.**—Construing §§ 70, 77 and 80, Acts 1915, p. 386, it is held that the members of the board of equalization were entitled to per diem compensation during the time they sat in special session after the date to hear objections to assessments is passed, as well as for the time they sit prior to that date in regular session.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Action by Joseph Espalla, Jr., against the County of Mobile, to recover per diem compensation for sitting at a special session. Demurrer was sustained to the complaint, and plaintiff appeals. Reversed and remanded.

ERWIN & MCALEER, for appellant. GORDON & EDDINGTON, for appellee.

EVANS, J.— (1) The question presented by this appeal is whether appellant, who is a member of the county board of equalization of Mobile county, may recover his per diem under the statute for sitting after August 1st in special session to complete the business of hearing complaints and objections to assessments and valuations previously fixed by said board. The complaint alleges inter alia that the court of county commissioners of said county fixed the compensation of the members of said board at $10 per day during the time of their service as such members, as authorized by section 70, Acts 1915, p. 386, et seq., that on August 1st a great many taxpayers desired to be heard and offer evidence as to the values of their properties, but their matters were not reached; that on August 2d said county board was convened in special session by the state board of equalization to complete the hearing of objections, etc. The trial court sustained demurrers to the complaint, holding, in effect, that the county board could not lawfully sit beyond August 1st to consummate the hearing of objections, and collect the per diem therefor. In this we think the learned trial court erred. Section 70 of said act provides that "the members of said board shall receive such reasonable compensation for the services herein required"

as may be fixed by the court of county commissioners or other court or body of like jurisdiction not to exceed $10 per day each. The allegation in the complaint of the fixing of that amount is, upon demurrer, to be taken as confessed.

Section 77 of said act provides that, "It shall be the duty of the county board of equalization in each county to sit at the court house in their respective counties on the third Monday in June in each year from 9 a. m. to 4 p. m. and shall continue for at least one week, and as much longer as may be necessary, provided they do not sit beyond the first day of August  *  *  *  for the purpose of hearing objections, if any, to the assessments or the valuations so fixed by said board, and at such meeting any property owner may appear in person, or by agent or attorney," etc.; and if, upon the hearing, the assessment or valuation is found incorrect, to correct the same and the corrected amount shall constitute the taxable value.

Section 78 provides that when the board "shall have completed the work of hearing objections," etc., "they, or any two of them, shall certify the correctness of the changes or alterations made in the tax returns," etc.

Section 80 provides that the county board shall have exclusive power to "fix the taxable value of all property" in its county (not specially required to be assessed by the state board), and "to that end may be convened in special session at such time as in the judgment of the chairman or a majority of said board, or the state board of equalization, is deemed necessary."

And section 82 provides that: "The failure of the county board of equalization to perform any of its duties at the time specified by this act, shall not invalidate any assesssment or any act of the board made after the expiration of such time."

(2) The meeting provided by section 77, supra, to be held from the third Monday in June to the second day in August is a quasi judicial procedure designed to accord to the objecting taxpayer his constitutional right to be heard and have his day in court. If there were so many taxpayers desiring to be heard that the statutory time allotted was reasonably inadequate and it were not permissible to convene a special session to consummate the hearings, such construction would be tantamount to arbitrarily depriving taxpayers of their day in court, and thus impinge upon this constitutional right. Hence section 80 provides for just such a contingency by permitting the county boards to "be con-

vened in special session" at any time the officers therein designated deem necessary to properly fix the taxable value of all property in the county. The word "fix" as used in the phrase "fix the taxable value" in said section 80 as an elastic term, and may, according to the context, comprehend, not only the valuation determined upon or "fixed" by the board in their original assessment, but also any revision thereof when that body sits in a judicial capacity on and after the third Monday in June. The valuation is not definitely "fixed" if objected to, until the adjudication.

(3) The county board, when sitting to hear complaints and objections, is a court of special and limited jurisdiction; and, like other courts when a time is prescribed by statute within which its term shall be held, it is essential to the exercise of its jurisdiction that it act within the term or time prescribed, else its acts are coram non judice.—*Garlick v. Dunn,* 42 Ala. 404; *Birmingham Building & Loan Asso. v. State,* 120 Ala. 403, 408, 25 South. 52.

While it is true that judicial acts must be performed in term time (regular or special), ministerial functions, such as inspecting, assessing, and examining real estate, are valid whenever performed.—Section 82, supra. Acts of the former kind are mandatory, the latter, directory. See *Birmingham Building & Loan Asso. v. State, supra.*

Thus it will be seen that the machinery of the act with the enabling provisions pointed out is well adapted to the exigencies of county demands, the sessions of the board expanding or contracting as occasion requires for the dispatch of public business. And it is apparent that the stated statutory time, or what might be termed the regular term of court, sitting from the third Monday in June to the second day of August, must not, and cannot in the light of the enabling provision for special terms, or sessions, be considered as the only time at which the county board may legally sit to hear and determine complaints, when it appears, as alleged in the complaint, that it was convened in special session to meet the exigencies of the public business; in other words, with both regular and special terms provided for in the act, the proviso that said county boards shall not sit beyond August 1st must be construed as directory merely.

(4, 5) The appellee insists that the act does not allow compensation for hearings after the regular session ends on August

1st.　We cannot agree with this view.　It is very true that public officials take office cum onere and, being challenged, must be able to point to their authority for demanding fees and salaries; but we are of opinion that the authority is contained within the four corners of the act.　Section 70 provides:　"The members of said board shall receive such reasonable compensation [per diem] for the services herein required as may be fixed by the court of county commissioners," or body "of like jurisdiction" not to exceed "ten dollars per day each."

"The services herein required" evidently refer to such services as are required by the act—not that some services were to be compensated and others not; it would be a vain and fanciful construction to so hold.　From even a casual reading of the act it is apparent that the Legislature contemplated that considerable work might be done by the county boards after August 1st. Suppose, for example, when the returns of the several counties shall have been filed in the state auditor's office pursuant to the act (section 97), the state board of equalization should see fit to order a revaluation, scaling the returns up or down, as the case may be, to equalize valuations of two or more counties or parts thereof (sections 97, 98, and 99).　The revaluation contemplated by these sections would then be after the county boards had completed their final hearings and certified to the results under section 78 of the act, and in the event of such a revaluation, the taxpayer would be entitled to new notice and have another opportunity to be heard in protest (section 99), all of which must of necessity be after August 1st.　Reading the act as a whole, we are of opinion that all services exacted of the county board were intended to be compensated for and at the per diem fixed, irrespective of the time of performance or the character of the "special session" convoked, be it a special session or term of court to hear protests, or a special session for purposes of revaluation.

It follows the demurrers were improperly sustained, and the judgment below must be reversed and the cause remanded.

Reversed and remanded.