(76 South. 2)

Ex parte MOBILE COUNTY.

ESPALLA v. MOBILE COUNTY.

(1 Div. 983.)

(Supreme Court of Alabama. Feb. 15, 1917. Rehearing Denied May 31, 1917.)

1. OFFICERS ⬦=94—RIGHT TO COMPENSATION —STRICT CONSTRUCTION OF STATUTE.

Laws relating to fees of officers will be construed as if penal, and an officer demanding fees must point to some clear and definite law authorizing such compensation.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 132, 133, 136–138, 140, 141.]

2. COUNTIES ⬦=46—COMPENSATION OF BOARD OF EQUALIZATION—STATUTE.

Members of a county board of equalization cannot recover compensation for extra sessions held for the hearing of claims of property owners, in view of Acts 1915, pp. 386–413, providing that members of such board shall receive reasonable compensation for sessions held for the purpose of "visiting, inspecting, examining, equalizing and valuing the real property of the county," and fixing the maximum length and time of sessions, although section 82 of the act provides that failure of the board to perform any of its duties at the time prescribed or to complete its duties within the time specified shall not invalidate its acts, and it was immaterial that such extra unauthorized sessions were necessary.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 54.]

Anderson, C. J., and McClellan, J., dissenting.

Certiorari to Court of Appeals.

Action by Joseph Espalla, Jr., against the County of Mobile. Judgment for defendant, and plaintiff appealed to Court of Appeals, where judgment was reversed and remanded (73 South. 761[1]), and the County of Mobile petitions for certiorari. Certiorari awarded, judgment reversed, and cause remanded.

Gordon & Edington, of Mobile, for appellant. Stevens, McCorvey & McLeod, J. N. McAleer, and J. H. Kirkpatrick, all of Mobile, for appellee.

MAYFIELD, J. The question of law involved on this application for certiorari is, whether or not a county is liable to a member of its county board of equalization as for services rendered, as a member of such board, during the month of August, 1916, for hearing complaints of property owners. The question can be answered correctly only by a proper construction of the statute (Acts 1915, pp. 386–413 et seq.), among other things, creating county boards of equalization, fixing the terms of office and the duties of same, and providing for compensation to the members

---

⬦=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 15 Ala. App. 443.

for services rendered as such members. The parts of this act most pertinent to the question in hand are as follows:

"Sec. 70. The members of said board shall receive such reasonable compensation for the services herein required as may be fixed by the court of county commissioners, or other court or board of like jurisdiction for their respective counties, provided it shall not be less than three dollars nor more than six dollars except that in counties of more than seventy-five thousand population they may be paid not more than ten dollars per day each, together with such reasonable allowances for necessary incidental expenses as said court may deem proper, but they shall be entitled as a matter of right to such cost of transportation as may have actually been incurred by them in the discharge of their duties under the provisions of this act, and the board shall once each month certify to the court of county commissioners, or other court or board of like jurisdiction, the number of days each member was engaged during such month, and also the expense incurred during such month, and the compensation for such services and such expenses, if approved, shall be paid as other bills of the county are paid. Provided that in all counties having a population of less than seventy-five thousand inhabitants according to the last federal census, the county board of equalization shall not remain in session for the purpose of visiting, inspecting, examining, equalizing and valuing the real property of the county for a longer period than three months, and in counties having a population of more than seventy-five thousand inhabitants, the county board of equalization shall not remain in session for a longer period than six months."

"Sec. 77. It shall be the duty of the county board of equalization in each county to sit at the court house in their respective counties on the third Monday in June in each year from nine a. m. to four p. m. and shall continue for at least one week, and as much longer as may be necessary, provided they do not sit beyond the first day of August," etc.

"Sec. 80. The county board of equalization shall have and exercise exclusive right in their respective counties to fix the taxable value of all property therein not specifically required to be assessed by the state board of equalization, subject only to the right of arbitration, and to that end may be convened in special session at such time as in the judgment of the chairman or a majority of said board, or the state board of equalization, is deemed necessary."

Sections 97, 98, and 99 provide for a general supervision by the state board, over the county boards, and that for certain purposes specified the state board may call the county boards in session; but it is not contended that the validity of the claim is justified under these provisions; and of course it cannot be, if sections 70 and 77 limit the time or times in which the county board can act.

The trial court sustained a demurrer to the complaint, thus holding that the county was not liable to the officer as for the $10 per diem claimed by him for services rendered as a member of the county board of equalization. The officer appealed to the Court of Appeals, which court reversed the judgment of the lower court, holding the county to be liable (so far as appears by this record, it being an appeal only on the record, from the ruling sustaining the county's demurrer to the complaint); and that judgment of the Court of Appeals the county, by petition for certiorari, seeks to have this court review and revise. We are of the opinion that the trial court ruled correctly and that its judgment should have been affirmed and not reversed as it was by the Court of Appeals. 73 South. 761, 15 Ala. App. 443.

[1] It has ever been the rule of interpretation in this state that laws relating to both the fees to officers, and the costs to litigants, are to be construed as if penal; and that neither costs nor fees should be allowed except when expressly authorized. Any officer demanding fees must therefore point to some clear and definite law which authorizes the demand for such compensation. It was so said in the case of Torbert v. Hale County, 131 Ala. 143, 30 South. 453.

[2] While the statute does not attempt to fix definitely any regular or special terms, but provides for the calling of special terms, sessions, or meetings of the board, to meet the exigencies of different conditions and occasions, yet it does place limitations upon the length of time they can sit as a board during each year, and fixes two dates between which the sittings, hearings, etc., of the board must be had, and the services such as those for which compensation is sought in this case may be rendered—the dates above mentioned. The services here alleged to have been performed, and for which compensation is sought, are claimed to have been rendered during the month of August, 1916. They were therefore not authorized by the express provisions of the statute. Section 70 of the act fixes a maximum length of session in any county six months. This session, however, is for "visiting, inspecting, examining, equalizing and valuing the real property of the county." The services here rendered were not for either of these purposes, but were in hearing objections of owners, to the assessments or valuations fixed by the board at the session held under section 77 of the act.

The complaint in this case affirmatively shows that the board did remain in session for six months, the maximum limit fixed for the purpose of viewing, examining, equalizing, and valuing the property and assessments, and that the members of the board were paid therefor—at least no claim is here made for such services; that in addition to this, they met on the third Monday in June, 1916, for the purpose of hearing complaints of the owners as to the assessments fixed by the board, and that they sat for this purpose for the full time fixed by the statute therefor, viz. until the 1st day of August, and were paid for this, or no claim is here made for such services. The complaint, however, shows that they set for 27 days, in addition, during the month of August; and it is for these services that the county refused to pay, and for which this action is brought.

We find no express law authorizing, much less requiring, the court of county commis-

sioners to allow pay per diem for the services rendered during the month of August, 1916, and herein claimed for; hence we must hold that compensation for such services is not recoverable of the county in this action. It may be, as here argued for the board, that they could not conclude the work of hearing the complaints of the taxpayers between the third Monday in June, and the 1st day of August, and that the call of the extra session was necessary to dispose of the business before them; that the extra session was authorized; and that the members of the board should not be expected to serve without compensation. The answer to this argument is that it should be made to the Legislature and not to the courts. Section 82 of the act in question reads as follows:

"The failure of the county board of equalization to perform any of its duties at the time prescribed or to complete its duties within the time specified by this act, shall not invalidate any assessment or any act of the board made after the expiration of such time. The duty of the county board of equalization to visit, inspect and examine each piece and parcel of real property in the several counties is directory and a failure to do so shall not invalidate the assessment 'made by such county board of equalization."

It is plain that this section of the act was intended to provide for a case like the one under consideration, and to prevent the acts of such boards from being held void because done at times not authorized by the statute; but this and all other sections fail to expressly provide that the members shall be paid as if they had held their sessions, or performed the services, at the time fixed by the statute.

As our law is so firmly settled, and has been for such great length of time, that statutory provisions for fees and compensation to officers must be strictly construed against the officers, we do not feel authorized to construe this act as providing for payment of compensation to the officers as for times not authorized by the statute, even though the enactment expressly provides that their acts, performed at such times not so authorized, shall not be void, but be as valid as if performed at the times fixed by the statutes.

It follows that the application for certiorari must be granted, and the judgment of the Court of Appeals reversed. And the cause is remanded to the Court of Appeals.

Certiorari awarded, judgment reversed, and cause remanded.

SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ. concur.

ANDERSON, C. J. (dissenting). I am of the opinion that the time limit fixed on the county board is as to their own sessions, and that they can be convened into special session at any time by the state board. I also think that the limitation as to compensation

relates to the maximum and minimum rate per day, and does not restrict the pay only to the time served during the regular sessions. In other words, I do not think that the law contemplates that the county boards shall serve for nothing when ordered to work during special sessions fixed by the state board.

McCLELLAN, J., concurs.