161 So. 110

**STATE ex rel. McCAULLEY v. BOARD OF REVENUE AND ROAD COM'RS OF MOBILE COUNTY et al.**

1 Div. 189.

Court of Appeals of Alabama.
Jan. 22, 1935.

Rehearing Denied Feb. 5, 1935.

310

D. R. Coley, Jr., and J. Gaillard Hamilton, both of Mobile, for appellant.

Gordon, Edington & Leigh and Geo. A. Sossaman, all of Mobile, for appellees.

RICE, Judge.

This is a petition for the writ of mandamus. The substance of the amended petition, as well as the demurrers thereto, appear in the report of the case.

■ So far as we know, the following language used by our Supreme Court in the opinion in the case of Minchener v. Carroll, Treas., etc., 135 Ala. 409, 33 So. 168, 169, is as good a guide as any other for us (Code 1923, § 7318) in the consideration of this appeal, to wit: "It is practically a universal rule that, in order to entitle a party to the writ of mandamus, he must show that he has a clear legal right to demand the performance of a specific duty. In other words, it is essential that the relator have a clear legal right to the thing demanded, and it must be the imperative duty of the respondent to perform the act required."

■ In line with the above, our Supreme Court has said: "If the authority of the defendant or defendants to do the act is not clearly shown, or is left in doubt by the averments, an appropriate demurrer thereto should be sustained." Lewis et al. v. Jenkins, 215 Ala. 680, 112 So. 205, 206.

■ Without repeating the averments of the amended petition, appearing as before mentioned in the report of the case, it will suffice for us to state that, after careful study of same, we are persuaded, and hold, they do not meet the test prescribed in the above quotations from opinions by our Supreme Court. We will elaborate but briefly.

Appellant's counsel, in a series of briefs filed here, evincing much industry, ability, and ingenuity, frankly admit that there exists no express statutory provision for the granting of the relief prayed. But they argue that the manifest "implication and intention" of sections 5, 17, and 21 of the act of the Legislature approved September 9, 1927 (Gen. Acts Ala. 1927, pp. 656, 663, 668), are to the effect that the prayer of the petition should be granted in toto.

We content ourselves by merely stating that we do not so read said sections. It seems to us that there are a number of different ways —which we need not point out—by which respondents might discharge any and all duties resting upon them by virtue of the three sections of the act mentioned, other than the specific one appellant, by his petition, would force upon them.

While other grounds of the demurrer were, in our opinion, well taken, it needs only be

said here, further, that ground 11, being likewise well taken, was sufficient as a basis for the judgment of the lower court.

And the said judgment is affirmed.

Affirmed.