161 So. 112

### STATE ex rel. McCAULLEY v. BOARD OF REVENUE AND ROAD COM'RS.

#### I Div. 856.

Supreme Court of Alabama.

March 21, 1935.

Rehearing Denied April 25, 1935.

D. R. Coley, Jr., and J. G. Hamilton, both of Mobile, for petitioner.

George A. Sossaman, of Mobile, for respondent.

PER CURIAM.

The Court of Appeals rested its ruling upon the broad ground that mandamus is only to be awarded upon a showing of a clear legal right to the thing demanded, and that it must be the imperative duty of the respondent to perform the act required.

Confessedly, there is no express provision in the act (Gen. Acts 1927, p. 653) for the matter here demanded, but petitioner's insistence rests upon the matter of implication, which, reduced to the last analysis, appears to rest upon the broad language of the concluding words of section 5 of the act (page 656). Where the matter of transportation is mentioned, it is specifically dealt with and guarded by certain limitations. Section 17 of the act (page 663).

The cases of Yielding v. Ball, 205 Ala. 376, 87 So. 785, and Ensley Motor Car Co. v. O'Rear, 196 Ala. 481, 71 So. 704, cited by petitioner, would doubtless seem as authorities to sustain the respondents, should they see fit to grant petitioner's demand in whole or in part. But they could not be relied upon to show an imperative duty on the part of the respondents to do so—an obvious distinction.

From a careful reading of the act we are in accord with the holding that no such imperative duty is shown or clear legal right on petitioner's part to demand what is sought in the petition.

Upon original consideration, we had conceived the treatment of the case by the Court of Appeals served all necessary purposes, and called for no further discussion. But in deference to the earnest insistence of counsel for petitioner on rehearing, we have thought these brief observations appropriate.

The writ is denied, and the application for rehearing overruled.

Writ denied.

Application for rehearing overruled.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.