173 So. 872

**STATE ex rel. McCAULLEY v. STONE, County Treasurer.**

**I Div. 264.**

Court of Appeals of Alabama.

April 6, 1937.

D. R. Coley, Jr., and J. Gaillard Hamilton, both of Mobile, for appellant.

440

Gordon, Edington & Leigh, of Mobile, for appellee.

SAMFORD, Judge.

From a judgment dismissing the petition, appeal is taken to this court. Petitioner filed his petition for mandamus against George E. Stone, as treasurer, etc., based upon an act of the Legislature of Alabama, approved July 17, 1935, Loc.Acts 1935, p. 128. Upon the hearing in the circuit court the question of the constitutionality of the above act was properly tested by demurrer. The demurrer was sustained and petitioner took a nonsuit.

Without going into the various pleadings and rulings thereon in the court below, none of which are necessary to a proper disposition of this cause other than hereinafter appears, this court was of the opinion that the act of the Legislature hereinabove named is in violation of section 68 of the Constitution. But under section 7322 of the Code of 1923, this court is without jurisdiction to strike down a statute, and in view of the law therein stated the question was referred to the Supreme Court as follows:

"To the Chief Justice and Associate Justices of the Supreme Court:

"Gentlemen:

"A determination of this cause on appeal depends upon the constitutionality of an Act of the Legislature, approved July 17th, 1935, Local Acts 1935, p. 128.

"The point is made that said Act is in violation of Sections 45 and 68 of the Constitution of 1901. This was so decided in the court below, and this court is of the opinion that said Act violates Section 68 of the Constitution and, perhaps, Section 45.

"Therefore, under Section 7322 of the Code of 1923, the question is certified to the Supreme Court for its decision."

To which the Supreme Court made reply as follows:

"BOULDIN, Justice.

"We are of opinion the act in question violates section 68 of the Constitution of Alabama.

"This act required the drawing of a warrant in favor of the relator on the treasurer of Mobile county for $825, 'as compensation to him for the necessary use which was made by him of an automobile and gasoline and oil therefor, while acting in the line and scope of, and while performing his duties as probation officer of the Juvenile Court of Mobile County, Alabama, from the 1st day of February, 1934 to the 30th day of April, 1935, both inclusive, which constitutes a just and equitable claim against the County and City of Mobile as the said use made of the automobile and gasoline and oil therefor constituted a means of transportation that was necessary and proper for him in order to the proper performance of his duties as said probation officer in and about the City and County of Mobile, Alabama, and not being furnished the same for said period by said County or City, in order to properly perform his said duties, he was compelled to and did furnish the same himself, and the reasonable value thereof is the said sum of $825.00.' Local Acts 1935, p. 128.

"The chief probation officer of Mobile county is an officer with a fixed salary, under the Juvenile Court Act of 1927, General Acts 1927, p. 653, section 8, pages 657, 658, as amended Gen.Acts 1933, Ex. Sess., p. 133, 134, § 2.

"The Board of Revenue, or other governing body, 'shall provide suitable quarters for the use of the Juvenile Court and all such fittings and furnishings and paraphernalia, books, stationery, cabinet files and equipment and all other facilities as are reasonably necessary, proper or convenient for the carrying out the purposes and provisions of this Act.' Gen.Acts 1927, p. 656, § 5. Under this section the county authorities are given a discretion as to what equipment and facilities shall be furnished at county expense. No clear legal right arose under that section or other provisions of the act of 1927, to demand payment of the bill which this legislative act of 1935 undertook to recognize or vali-

date. State ex rel. McCaulley v. Board of Revenue & Road Com'rs, 230 Ala. 315, 161 So. 112; Id., 26 Ala.App. 309; 161 So. 110.

" 'The legislature shall have no power to * * * require any county * * * to grant any extra compensation, fee, or allowance to any public officer * * * after service shall have been rendered * * * nor to increase or decrease the fees and compensation of such officers during their terms of office.' Constitution, § 68.

"The theory of appellant, as we understand it, is that no legal duty rested upon the probation officer to furnish the use of his automobile, with gas and oil to run it, but that being a necessary facility to the full and efficient performance of the duties of his office, an equitable claim arose, not as an extra allowance for performing the duties of the office, but as a personal contribution to the ᐟpublic service which the Legislature was empowered to recognize and provide for payment.

 "A public officer takes his office cum onere. By the statute under which this officer holds it was incumbent on him to perform the duties of the office for the salary fixed by law. As for facilities in the way of transportation, the county authorities, it may be conceded, had authority to provide, but were under no mandatory duty to furnish an automobile. If, in their discretion, they did not, then it was incumbent on the officer to perform the duties, which, on accepting the office he undertook to perform, for the salary fixed by law, using such available method of transportation as he should select.

"If he chose to use his automobile, it is not for him, nor the Legislature to segregate the outlay therefor from the performance of the duties of his office, and grant the allowance provided by the statute in question. To do so would open the door to the evils against which section 68 of the Constitution is intended to safeguard.

"Manifestly, such allowance is not by way of compensation for ᐧnew and additional duties imposed by law, ᐟdefined as ex officio duties, sustained in Tayloe et al. v. Davis et al., 212 Ala. 282, 102 So. 433, 40 A.L.R. 1052.

"None of our other cases, in which the question of constitutionality was decided, are at variance with our present holding.

"We do not deem it necessary to review decisions in other states having more or less analogy.

"All the Justices concur."

In view of the foregoing ᐟopinion, it becomes unnecessary for us to comment further.

The judgment of the circuit court is therefore affirmed.

Affirmed.