185 So. 404

**STATE ex rel. FOWLER v. STONE, County Treasurer.**

I Div. 35.

Supreme Court of Alabama.

Nov. 25, 1938.

Rehearing Denied Jan. 12, 1939.

McCorvey, McLeod, Turner & Rogers, of Mobile, for appellant.

Gordon, Leigh, Leigh & Gordon, of Mobile, for appellee.

THOMAS, Justice.

The appeal challenges the sustaining of demurrer to the petition as last amended. Its prayer was for mandamus to the county treasurer, to compel him to number and register specific warrants against the county for alleged services rendered as member of the board of equalization.

The facts are stated in substance as follows: Petitioner was a member of the county board of equalization in a county of more than 75,000 population; that soon after the passage of the act of the legislature (General Acts of Alabama 1915, pp. 414–421, § 70 et seq.) creating a county board of equalization for the several counties of the state; the Board of Revenue and Road Commissioners of Mobile County, fixed the compensation for the services of the members of said county board of equalization; that petitioner, in the months of April, May, June and September in the years of 1916 and 1917 discharged the services of a member of such board of equalization, and the county board of revenue and road commissioners regularly certified the number of days so served, issued and delivered to petitioner warrants aggregating the amount fixed for his said services; that certain amounts were paid to petitioner for services rendered and the amounts due for August, 1916, and September, 1917, were not paid.

It is further averred in the petition that thereafter, the Treasurer of Mobile County appeared before the board of revenue and road commissioners and requested that no warrants be issued to petitioner for twenty-six days in July, 1917, one day in August, and eighteen days in October, 1917, for which services the compensation of petitioner was not in dispute, but that the matter "be handled by issuing to petitioner a warrant for only $20.00 to cover two days for services rendered in the month of October, 1917, using this balance of $450.00 which was admittedly due your petitioner, to off-set the claim which Mobile County was asserting against your petitioner on account of the payment of $450.00 theretofore made to petitioner for services during the said forty-five days in the months of April, May and June, in the year 1916; that the matter was accordingly so arranged by the said County Treasurer

and by the said Board of Revenue and Road Commissioners of Mobile County, Alabama, the effect of which arrangement was to compensate your petitioner for the said forty-five days services rendered by him during the year 1917, for which he was admittedly due compensation, and by taking away from petitioner the compensation theretofore paid him for the said forty-five days services rendered by him during the months of April, May and June, 1916; that since such time the matter has been so treated by all of the interested parties, and, consequently your petitioner is advised and takes the position that in view of the fact that Mobile County has, in effect, taken away from him the money which was admittedly due him to reimburse itself for money which it claimed to have erroneously paid him for the services rendered by him during the months of April, May and June, 1916; that the situation should be here treated as if the services for which your petitioner has not been paid are the services rendered by petitioner during the said forty-five days in the months of April, May and June, in the year 1916; that in addition to not being compensated for the services rendered by your petitioner during the months of April, May and June, 1916, your petitioner has not been compensated for the forty-seven days' services rendered in August, 1916, September, 1916, and April, 1917, hereinabove referred to, making the total number of days for which your petitioner has not been compensated ninety-two days."

It is further averred that petitioner requested the board to again consider his claim for compensation for which he had not been paid; that a committee was appointed and reported to the board; that said report was that if the board refused payment, its action would invite litigation which would cost the county substantial sums and there was "no certainty that the county would be finally successful in its contention," and that it would be well for the county to "cancel account" as they would pay practically the same moneys to litigate it.

It is further averred that upon receipt of said report the board passed the claim of petitioner and authorized the President of the said Board of Revenue and Road Commissioners of Mobile County, to execute and deliver to petitioner a warrant for the controverted sum of $920 in words and figures as follows:

"Office of Board of Revenue and Road Commissioners of Mobile County.

"No. 17520    Mobile, Ala. Aug. 19, 1919.
"To the County Treasurer: ·When in Funds pay to H. W. Fowler or Order Nine Hundred Twenty & No/100 Dollars For Account of Services as Member Equalization Board Mobile County, 92 Days at $10.00 during years 1916 & 1917.
"$920.00            John D. Hagan,
                          President."

It is further averred that the warrant so issued was presented to the county treasurer, demand made of that official to "number and register the said warrant in the order in which it was presented, having such register to show the number of the said claim, the date presented for registration, to whom allowed, when allowed, the character of the claim and the amount thereof, in all respects as provided by Subdivision 4 of Section 211 of the Code of Alabama of 1907;" that said treasurer failed and refused to accept the warrant and to number and register the same as required by law, resting his refusal on the fact that under the constitution and laws of Alabama petitioner was not entitled to the compensation "which he seeks."

It is further averred that thereafter and subsequent to the enactment by the legislature providing for the payment of equitable claims against counties (General Acts of Alabama 1920, p. 154) petitioner surrendered his warrant in order that he might obtain from the Board of Revenue and Road Commissioners of Mobile County, a warrant issued subsequent to the approval of the last named act.

It is further averred that petitioner's claim was again presented to the board in all respects as required by law, which fact is duly shown by the minutes of the board of revenue, and a new warrant was issued to petitioner in the sum of $920 of date of March 1, 1921, which was substantially in the same form as the above quoted warrant, and which was duly evidenced by the minutes of the Board of Revenue and Road Commissioners of Mobile County, and that the minutes of the board concluded with the statement that John D. Hagan, as President of the Board, was authorized to forthwith draw and deliver to the former members of the Mobile County Board of Equalization warrants "to compensate them for their said services as such commissioners" in the respective sums as follows: "To Joseph Espalla, Jr., $950.00;

to A. S. Lyons, $920.00, and to H. W. Fowler, $920.00." It is further averred that pursuant to such resolution, warrants were duly drawn and delivered in such sums.

It is further averred that thereafter on the 21st day of November, 1921, said board duly amended, nunc pro tunc, the resolution adopted by the board at its former meeting, reciting the facts as indicated with the addition that, "Whereas, the said Joseph Espalla, Jr., A. S. Lyons and H. W. Fowler have now surrendered to this Board for cancellation the warrants heretofore issued to them under resolutions of this Board adopted at meetings held on August 16th, 1919, and March 1st, 1921, respectively, covering the services hereinabove referred to," that the clerk was authorized to destroy the said two series of warrants issued respectively on August 19, 1919, and March 1st, 1921.

It is further averred that aside from the Act of the Legislature of Alabama, passed and approved at the 1920 Special Session (Acts of 1920, p. 154), authorizing payment of equitable claims against a county, the Legislature of Alabama at its 1919 Regular Session passed an act for the relief of Joseph Espalla, Jr., A. S. Lyons and H. W. Fowler for the payment of specific sums of $920 and $950 (Local Acts of Alabama 1919, pp. 24 and 25), and which act directed the county treasurer to pay said warrants "in the same manner and out of the same funds as warrants for compensation of said members of the board of equalization of said county are paid."

It is further averred that petitioner presented the warrants to said treasurer for numbering and registration, that the official refused to so number and register the same, claiming that under the constitution and laws of Alabama petitioner was not entitled to the compensation which he seeks, notwithstanding the fact that "it is not denied that petitioner rendered the services above referred to;" and that the said George E. Stone, as such County Treasurer, "endorsed on the back of the said warrant the following: 'Presented for numbering and registering April 23rd, 1921, and registration and numbering refused. George E. Stone, Treasurer.'"

It is further averred that for the time indicated petitioner was entitled to be paid by the county the sum of $920; that the same was refused of registration or payment, and that the action of such treasurer was wrongful and constituted a failure on his part to perform ministerial duties imposed upon him as such treasurer of the County of Mobile, as provided by the statutes of this state.

The decision of the lower court was, no doubt, rested upon the case of Ex parte Mobile County, 200 Ala. 410, 76 So. 2, and this decision was without the influence of the enactment of February 15, 1919 (Local Acts 1919, p. 24), entitled "An Act For the relief of Joseph Espalla, Jr., A. S. Lyons and H. W. Fowler" allowing compensation at the rate of $10 per day, aggregating the sums of $950 for Espalla, Jr., and $920, respectively, for A. S. Lyons and H. W. Fowler, the petitioner-appellant.

The latter act was passed in response to the suggestion by Mr. Justice Mayfield "that the members of the board should not be expected to serve without compensation." [Page 4.] The argument, said Justice Mayfield, "should be made to the Legislature and not to the courts," and hence the latter act authorizing the compensation for services in question and in the amounts sought. Ex parte Mobile County, Espalla v. Mobile County, 200 Ala. 410, 76 So. 2.

The Act of October 6, 1920, was intended to be retroactive in effect, and this intention is clearly indicated, as follows: "To reimburse any person, firm or corporation, who in good faith has performed service, advanced money, or property for the use of the county." [General Acts of 1920, p. 154.]

It is not necessary that the decision in Espalla v. Mobile County, 15 Ala.App. 443, 73 So. 761, be overruled as affecting the instant decision, if, as we have indicated, the legislature passed the general and special act in question for the relief of appellant, and to authorize the county or counties so situated to do justice under such facts by payment of the sums due by a county [Local Acts of Alabama 1919, p. 24; General and Local Acts of 1920, p. 154], and if county officials are within the class sought to be relieved by the general enactment and the special act, which was so construed.

We are, however, not of the opinion that the general act [General & Local Acts of 1920, p. 154] was available to a public official, dealing as it does with *persons* and *contracts;* and we are of the opinion that the local act [Local Acts of Alabama 1919,

p. 24] is offensive to organic law for the reasons to be stated.

■ It is urged that under Section 73 and Section 75 of the Act of 1915 [General Acts Alabama 1915, pp. 416, 418] the county board is required to visit, inspect, examine, equalize and value each piece and parcel of real property, and to carefully examine and inspect all tax returns and assessments; and Section 80 of the act (page 420) provides, that: "The county board of equalization shall have and exercise exclusive right in their respective counties to fix the taxable value of all property therein not specifically required to be assessed by the State board of equalization, subject only to the right of arbitration, and to that end may be convened in special session at such time as in the judgment of the chairman or a majority of said board, or the State board of equalization, is deemed necessary."

Notwithstanding these and other requirements of the statute [General Acts Alabama 1915, p. 413, § 62 et seq.], we are of opinion and hold that the allowances in the special act [Local Acts of Alabama 1919, p. 24] were within the inhibitions of section 281 of the Constitution to the effect that the salary, fees, or compensation of any officer holding any civil office of profit shall not be increased or diminished during the term thereof.

It is insisted by appellant that when Section 281 of the Constitution is considered with Section 68 of that instrument, it will be found that the exception permits just compensation be made to such officials as ex officio services. The question recurs, were the duties discharged by appellant done as ex officio services within the proviso of Section 68 of the Constitution, as ex officio services are defined by this Court?

■ It is established as a rule of interpretation of constitutions that the whole of such instrument or ordinance will be given effect, if possible; that is, that each section, clause and word thereof be given effect, if it can be so construed and not in conflict with other plain provisions of organic law. That if there is conflict or apparent conflict, the provisions that are more specific will prevail as against a more general statement pertaining to the same subject-matter. These members of the Mobile County Board of Revenue and Road Commissioners were required to do the specified services, which, it is insisted, could not be completed during the regular term provided by statute; and that such services were required to be done in a special or extraordinary session and deliberations, and were additional and ex officio services. State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278.

As to this, the public policy of the state, defining ex officio services of officers, is found in the following cases: Calhoun County v. Watson, 152 Ala. 554, 44 So. 702; City of Birmingham v. Hawkins, Tax Collector, 208 Ala. 79, 94 So. 62; Macon County v. Abercrombie, Judge, 184 Ala. 283, 63 So. 985; Troup v. Morgan County, 109 Ala. 162, 19 So. 503; State ex rel. McCaulley v. Stone, County Treasurer, 234 Ala. 18, 173 So. 871. In the Watson Case, supra, the services denied as ex officio were services of the circuit clerk in attending court and keeping minutes; in City of Birmingham v. Hawkins, supra, the service was collecting taxes for school purposes. The services allowed in Macon County v. Abercrombie, Judge, supra, were to the judge of probate and pertained to the roads, such being held ex officio. This will illustrate that ex officio services are those which the law annexes to a particular office and requires the incumbent to perform without providing specific or precise compensation therefor. Carnley v. Moore, 218 Ala. 274, 118 So. 409.

■ The rules of constitutional construction are well understood. The burden is upon one who attacks a statute to maintain its unconstitutionality. Jefferson County v. Busby, 226 Ala. 293, 148 So. 411; Western Union Telegraph Co. v. City of Decatur, 16 Ala.App. 679, 81 So. 199; Randle v. Winona Coal Co., 206 Ala. 254, 89 So. 790, 19 A.L.R. 118.

■ The purpose and competency of a statute will be illustrated by its origin, contemporaneous history, the prior condition of the law, as well as the general powers and course of legislation. McCreless v. Tennessee Valley Bank, 208 Ala. 414, 94 So. 722; Prowell v. State ex rel. Hasty, 142 Ala. 80, 39 So. 164; State v. Board of School Com'rs, 183 Ala. 554, 63 So. 76; Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; State ex rel. Turner v. Henderson, Governor, 199 Ala. 244, 74 So. 344, L.R.A.1917F, 770.

■ The last cited authorities are to the effect that when there is doubt about

the proper construction to be placed upon a statute or constitutional provision existing, the contemporaneous construction placed upon same by the courts, by the officers whose duty it was to construe them, and by the executive departments and the popular interpretation, as exemplified in practice for a number of years, should be looked to in reaching a conclusion as to the proper construction. State v. Board of School Commissioners of Mobile County, 183 Ala. 554, 63 So. 76; State v. Tuscaloosa Building & Loan Ass'n, 230 Ala. 476, 161 So. 530, 99 A.L.R. 1019.

It has been indicated that the Board of Revenue and Road Commissioners of Mobile County, the governing body of that county, having the handling of all county funds, recognized and acted upon the validity of the Acts of 1919 and 1920, and such is shown by the minutes of the meeting of said board, whose duty it was to pass upon the validity of the two acts in question. The decisions of such board were that each of said statutes, cited above, were valid and binding and to be applied here for the relief of appellant.

The Act of 1920, supra, was without application to the services of a public official, and the services were not ex officio services within the provisions of Section 68 of the Constitution.

The special act [Local Acts of Alabama 1919, p. 24] was within the inhibitions of Sections 68 and 281 of the Constitution, being in the nature and effect of an increase in the compensation of a county official during the term of his office, which he took cum onere, and the service was not within the exceptions contained in Sections 68 or 150 of the Constitution. State ex rel. McCaulley v. Stone, County Treasurer, 234 Ala. 18, 173 So. 871. The special act violates the rule of uniformity required by Section 96 of the Constitution. Moses et al. v. Tigner, 232 Ala. 457, 168 So. 194; Court of County Com'rs v. Lightner, 225 Ala. 22, 141 So. 908. Such was the holding in Espalla v. Mobile County, 200 Ala. 410, 76 So. 2.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.