58 So.2d 641

**ODUM LUMBER CO., Inc. v. SOUTHERN STATES IRON ROOFING CO.**

**6 Div. 110.**

Court of Appeals of Alabama.

Oct. 2, 1951.

Rehearing Denied Nov. 6, 1951.

D. H. Markstein, Jr., Birmingham, for appellant.

Burr, McKamy, Moore & Tate, Birmingham, for appellee.

HARWOOD, Judge.

The appellant, Odum Lumber Company, sold certain lumber to the appellee, Southern States Iron Roofing Company, on which it did not collect a sales tax. The State Department of Revenue demanded the payment of such tax from the appellant. The appellant in turn made demand on the appellee to defend the assessment of the sales tax, which appellee refused to do. Appellant paid the tax, and in turn demanded the tax from the appellee, and upon appellee's refusal to pay the tax instituted suit seeking its collection.

The suit was originally initiated in the Intermediate Civil Court of Birmingham, and resulted in a judgment in favor of the plaintiff in the sum of $270.22.

On appeal to the Circuit Court of Jefferson County the cause was submitted on an agreed statement of facts.

The circuit court entered a judgment finding the issues in favor of the defendant as to the amount claimed as a sales tax on sales of lumber used for containers, and in favor of the plaintiff for the tax on other sales, the tax on such other sales being in the amount of $30.84.

From this judgment the plaintiff below perfected its appeal to this court.

The sole question presented by this appeal is whether the term "wholesale sale," as defined in Section 752(i) Title 51, Code of Alabama 1940, should be held to include the products used in making a container furnished by the wholesaler, or is it to be limited solely to a completed container.

Section 752(i), supra reads as follows:

"(i) The term 'wholesale sale' or 'sale at wholesale' means a sale of tangible personal property by wholesalers to licensed retail merchants, jobbers, dealers, or other wholesalers for resale and does not include a sale by wholesalers to users or consumers, not for resale. The term 'wholesale sale' shall include a sale of tangible personal property or products (including iron ore) to a manufacturer or compounder which enters into and becomes an ingredient or component part of the tangible personal property or products which he manufactures or compounds for sale, *and the furnished container and label thereof.*" (Emphasis ours.)

The facts stipulated show that the defendant is a manufacturer within the meaning of the Alabama Sales Tax Act and that it buys from various parties raw materials from which it manufactures products for sale; that the lumber on which the sales tax is claimed was sold by the plaintiff to the defendant on orders which had on them a notation showing that the lumber was purchased for container purposes; or to be used as component of its manufactured product; the lumber so purchased was of standard size and was not cut into sizes suitable for containers, but that the lum-

ber so purchased by the defendant was used by the defendant in manufacturing containers which were used in shipping its products; that the title to the container passed to the next purchaser with the unit of merchandise contained within it; it was further stipulated that "Regulation G" was duly promulgated by the State Department of Revenue on December 12, 1944, and was published in the Corporation Tax Service (State and Local, Alabama) by the Corporation Trust Company, and that the official records of the State Department of Revenue show that said regulation had not been revoked until 21 November 1949, and after the State Revenue Department had made its assessment and after the inception of this suit.

The portions of "Regulation G," supra, pertinent to this appeal stated that the words "the furnished container," as used in our Sales Tax Law "shall be construed to include not only the finished product *but the materials which enter into and become a component part of an improvised container.*" (Italics ours.)

It is appellant's contention that under the terms of Section 752(i) the term "furnished container" means a completed container; and does not extend to the materials used in constructing a container.

■ The basic philosophy underlying our Sales and Use Tax Acts, Code 1940, Tit. 51, §§ 718 et seq., 744 et seq., is that such taxes are to be levied on retail sales, where the payment is made by the ultimate consumer. Due recognition of this principle would in itself deny appellant's contention, for it is clear under the stipulated facts that the containers made from the lumber were used in shipping the manufactured product and went with it. The container could not therefore be said to be a retail sale.

■ A literal interpretation which would defeat the purposes of a statute will not be adopted if any other reasonable construction can be given to it. Thompson v. State, 20 Ala. 54. Furthermore, in ascertaining a dubious legislative intent great weight should be given to the practical effect which a proposed construction will involve. Worthen v. State, 189 Ala. 395, 66 So. 686.

If the interpretation contended for by the appellant were adopted, the result would be that if a manufacturer purchased finished containers for his product, such finished containers would not be subject to the sales tax. If on the other hand sound business practice and economics would direct that he purchase the materials and make the containers himself, he would be subject to the sales tax on the materials out of which the containers were made. This in effect would be a tax on the container.

We do not think that it was the intent of the legislature to thus penalize good stewardship in business management.

■ It is further to be noted that by the promulgation of "Regulation G," supra, in 1944 by the State Revenue Department, the administrative body charged with the enforcement of the Sales Tax Act, that department took the view that "furnished container" should be construed to include not only the finished container, but the materials which enter into and become a component part of an improvised container.

This regulation was in effect until revoked on 21 November 1949, after this suit had been filed. It had been widely published.

During this interval of five years that the regulation was in effect the legislature met in 1945 and in 1947. In 1947 the legislature made considerable changes in certain portions of Section 752, supra, but re-enacted Subsection (i) of Section 752 in exactly the same language it had when construed by the State Department of Revenue in "Regulation G."

Under such conditions the re-enactment of the statute without change may be treated as a legislative approval of the departmental construction of the statute, quite as persuasive as the re-enactment of a statute which has been judicially construed. State v. H. M. Hobbie Grocery Co., 225 Ala. 151, 142 So. 46. See also State ex rel. Fowler v. Stone, 237 Ala. 78, 185 So. 404; State v. Tuscaloosa Building and Loan

Ass'n, 230 Ala. 476, 161 So. 530, 99 A.L.R. 1019.

The judgment below was in our opinion correct, and this cause is ordered affirmed.

Affirmed.