(116 So. 303)

## EDMONDS v. SHIRLEY et al. (6 Div. 300.)

Court of Appeals of Alabama. March 27, 1928.

G. M. Edmonds, of Birmingham, pro se.

Anderton & Bailes and John T. Batten, all of Birmingham, for appellees.

RICE, J. Appellant moved in the court below for a summary judgment against the appellees, a former sheriff and the surety on his official bond, for failure of the sheriff to make money on an execution issued and delivered to the sheriff on a judgment in appellant's favor, and for failure of the sheriff to return said execution as required by law. The trial court denied the motion and rendered judgment in favor of appellees.

Sections 7812 and 7813 of the Code of 1923 impose upon the sheriff the duty of using due diligence to make money on executions and the duty of returning said executions within the time specified. Sections 10232 and 10233 prescribe the penalties for his failure in these regards and authorize summary judgment therefor.

Evidence was adduced on the question whether or not the execution was ever re-

ceived by the sheriff, with a rather strong tendency toward the conclusion that he, personally, had never seen it, had it, nor heard of it until a short time prior to the institution of this suit; that it was in fact received by a deputy in his office, who looked after such matters for him, by his authority.

The record, and briefs filed on this appeal seem to indicate clearly that the cause was tried and determined upon the assumption that section 4 of an act of the Legislature approved August 2, 1923 (Gen. Acts Ala. 1923, p. 94), had a controlling influence upon same. The said section 4 is as follows:

"Be it further enacted that the sheriff of such county shall not be liable for the acts of his deputies unless he participates in such acts or the same are done in compliance with his orders or with his knowledge and consent; provided, however, that the sheriff and the sureties on his bond shall be liable for the misappropriation of money collected by any deputy sheriff under color of his office or in the course of his employment."

The question of the applicability of this section depends upon the interpretation to be placed upon the word *acts* as used therein.

Our Supreme Court has said:

"Act and omission token different conceptions. Act denotes the affirmative. Omission denotes the negative. Act is the expression of will, purpose. Omission is inaction. Act carries the idea of performance. Omission carries the idea of a refraining from action." Randle v. Birmingham Ry. L. & P. Co., 169 Ala. 314, 324, 53 So. 918, 921.

In agreement with the foregoing, we hold that said section 4, above referred to, affords to sheriffs—in counties to which the act is made to apply—no protection against liability for failure or omission to perform a positive duty, whether or not such duty has been committed to one of said sheriff's authorized deputies. To hold otherwise would be virtually to relieve the sheriff of responsibility for the proper conduct of his office.

The judgment appealed from is laid in error. It is reversed and the cause is remanded for further action.

Reversed and remanded.