169 So. 234

## TUSCALOOSA COUNTY v. SHAMBLIN.

### 6 Div. 989.

Supreme Court of Alabama.

June 25, 1936.

Foster, Rice & Foster and J. G. Madison, all of Tuscaloosa, for appellant.

McQueen, McQueen & McQueen, of Tuscaloosa, for appellee.

FOSTER, Justice.

This is a suit in equity under the Declaratory Judgment Act of September 7, 1935, Gen. Acts 1935, p. 777.

The purpose is primarily to have declaration as to the validity of an act of the Legislature to regulate the office of the sheriff of Tuscaloosa county (Local Acts 1936, p. 53), approved April 7, 1936, by which, among other things, the salary of the sheriff is fixed at $4,000 per annum, payable monthly, prescribing the details as to his office expenses, by authority of a constitutional amendment. See, Gen. Acts 1935, p. 1170.

It is also alleged that for the month of May, 1936, there is now due petitioner the sum of $333.33, the amount provided by the act, and certain items of expense due to be

paid him by the same authority, but that the board of revenue of the county have refused to allow and pay the claim, or cause a warrant to be issued so that it may be paid, claiming that the act is invalid, and confers no authority upon them to pay petitioner, wherefore there exists an actual controversy as to the validity of the act between petitioner and the board of revenue acting for Tuscaloosa county.

The Declaratory Judgments Act confers upon courts of record power to make declaration of such controversies, which we have held is sufficient to do so, when there is subsisting an actual controversy, on which substantial personal or property rights are dependent, and the parties to it are brought into court and heard so that the matter thereby becomes res judicata. Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450.

There may sometimes arise a question as to the proper court, whether law or equity, in which to proceed since the act does not specify, or whether it is available when there exists a common-law remedy, by which the same result may be reached.

This suit illustrates a situation which might give rise to such a controversy, and we wish to emphasize the fact that there is no claim here made that it was begun in equity rather than at law, or that it is not available because of the existence of other remedy. The chancery court is ordinarily the court to which application would be made for declaratory proceedings, such as to quiet title, and settle boundary disputes. Created by authority of section 145 of the Constitution, it may have such jurisdiction as is conferred by law, not exclusively conferred upon some other tribunal, and so long as other constitutional rights are protected. The broad language of the act in question would be appropriate to give courts of law and equity concurrent jurisdiction. Section 9 (page 778) provides for a jury trial, pursuant to the practice and proceedings in such court in which the cause is heard. In chancery, except when a trial by jury is given by law, such a trial is not authoritative and binding on the court, but is largely advisory. Hill v. Lindsey, 223 Ala. 550, 137 So. 395; section 6631, Code.

In some states, in which the chancery court is separate from that at law, some difficulty has arisen in determining when a proceeding under such an act should be in equity and when at law. Borchard

on Declaratory Judgments, page 137. But in Alabama we have only one court in which such a proceeding should originate, the circuit court. But in it, the law and equity jurisdiction and procedure are kept separate and distinct.

We cannot see that it is material whether the proceeding is begun on one docket or the other, so long as constitutional rights are preserved, including that of trial by jury. Such right does not include matters within the original jurisdiction of a court of equity, such as declaring disputed boundary lines. Yauger v. Taylor, 218 Ala. 235, 118 So. 271.

The act here in question does not limit the jurisdiction to the equity court, but confers it upon a court of record. The effect, as we have said, is to give the courts of law and equity concurrent jurisdiction, so long as other constitutional rights are preserved.

A case may arise under the act in which an action in common-law form is available against a defendant on account of an existing default, and in which defendant would be entitled to a jury trial. If proceeding for a declaratory judgment is begun in equity, and defendant wishes and demands a jury trial, pursuant to his right under the law or Constitution, the court could either transfer the cause to the law docket under section 6486, Code, or have a jury trial in equity under section 6631, Code, when the verdict would be as authoritative as at law, since it was a matter of right. Brintle v. Wood, 223 Ala. 472, 136 So. 803; Karter v. East, 220 Ala. 511, 125 So. 655; Hill v. Lindsey, supra.

A proceeding for a declaratory judgment under such circumstances is not within the original jurisdiction of the chancery court, and cannot be used to deprive one of a jury trial secured by the Constitution. Miller v. Gaston, 212 Ala. 519, 103 So. 541.

This remedy is intended to be alternative, and not dependent upon an absence of other ordinary remedies, Borchard on Declaratory Judgments, pages 147, 148, provided in it constitutional rights are preserved.

We have treated the subject as above, because in this case there has been an alleged breach or failure which entitles petitioner to enforce his claim by mandamus, or some other proceeding in which defendant may claim a right to trial by jury, Weakley v. Henry, 204 Ala. 463, 86 So. 46, but has not done so, nor questioned the power of

the court to pass on the merits of the controversy.

█ The first attack made on the act is that it violates section 45, Constitution, in that it contains more than one subject, more specifically that some matters are included which are not germane to the main subject. It is conceded that the main purpose of the act is to place the sheriff on a salary basis.

We have carefully considered all of its features, and think that all the provisions are incidental to that one subject. When the sheriff is taken off of a fee system of compensation, in which he must pay all the expenses of his administration of the office, other provision for such payment must reasonably follow.

It is useless to discuss separately each and every provision of the act to show that it is properly a part of such altered system. We think it is so.

█ It is next insisted that section 10 of the act is invalid, and that, therefore, the whole act is so. It is claimed that it is impossible to give the language of this section a precise and intelligible application, principally because the amount is left blank. It directs the payment to the sheriff of "$——" annually to be used for the purchase and maintenance of automobiles necessary in the performance of his duties, and for other expenses not otherwise provided for, and that the amount remaining unused of such fund during the year shall be paid back into the general fund of the county.

It is not here contended by or for the sheriff that as thus enacted the county should place in his hands each year any sum to be so used, but that it and other features of the act should be so construed as to require the county to furnish such equipment as automobiles and pay for their maintenance. It is certainly inoperative in so far as an amount must be thus appropriated and paid to the sheriff for that purpose; and no contention to the contrary is here made. But it shows a purpose to include such equipment as a part of the expense of operating the office provided for in general terms in section 9 of the act, in line with the idea that the present day administration of the sheriff's office requires its use. Yielding v. Ball, 205 Ala. 376, 87 So. 785; Ensley Motor Car Co. v. O'Rear, 196 Ala. 481, 71 So. 704; McCaulley v. Board of Revenue, 230 Ala. 315, 161 So. 112.

As it remains, the act does not give the unrestricted power to the sheriff to buy such equipment, and force the county to pay for it. But we think it means that the county must provide such equipment, exercising the judgment of its governing board in respect to the details, in co-operation with that of the sheriff.

In this respect there is a stipulation between the parties that a certain amount is reasonable and satisfactory to such board as the purchase price of three certain used cars, and that they should be purchased and paid for in that amount, and likewise as to certain other items for fuel in their use, and repairs to them while so engaged, provided the act in question is valid, and provided it is thereby made the duty of the county to supply such equipment and expense.

We do not think that the whole act is invalid by reason of section 10, but that section may be viewed as shedding light on the purpose of the act as a whole.

█ It is next insisted that it violates section 96, Constitution, and such claim would be well founded but for the constitutional amendment, to which we have referred. That amendment substantially adopts all the features on the same subject which are contained in the Jefferson county amendment (page 429, Code, Amendment No. 2). We have often held that it had the effect of authorizing a change from fees to salaries for the officers named in it. Osborn v. Henry, 200 Ala. 353, 76 So. 119; Eugene Hawkins v. Jefferson County, post p. 49, 169 So. 720.

█ It is next insisted that section 5 of the act violates section 22 of the Constitution. Section 5 exempts the sheriff from liability for the wrongful acts of the deputies in which he does not participate. There is no effort to point out in what respect the Constitution is here violated. We suppose it means that feature of section 22, which prohibits special privileges or immunities. That act makes a sheriff's deputy for that county a sort of officer, who must give a bond for the faithful performance of his duties as other official bonds. True the sheriff may select and discharge him, but his salary is fixed by the county board within certain limits, and payable by the county, just as that of the sheriff.

That feature of the act is similar to one which applies in Jefferson county, Gen.Acts 1923, p. 94, § 4, and it seems not to have been supposed that it violates section 22 of the Constitution. Edmonds v. Shirley, 22 Ala.App. 398, 116 So. 303; McMullen

v. Daniel, 229 Ala. 194, 155 So. 687; 57 Corpus Juris 799, notes 75 and 76.

Indeed, we do not see that it is a special privilege or immunity accorded to the sheriff for the law to provide an assistant, and make him a sort of distinct officer, and, though appointed by the sheriff, to relieve him of liability for the deputy's conduct in which the sheriff does not participate. State v. Kolb, 201 Ala. 439, 440(1), 78 So. 817; Langis v. Byrne, 222 Ala. 183, 131 So. 444.

It is also claimed that section 7 of the act which provides for payment by the county of the premium on the surety bond of the sheriff and deputies is in violation of section 94 of the Constitution, prohibiting a county from granting public money in aid of an individual. Such is now a general law applicable to practically all county officers (see Gen.Acts 1933, Ex.Sess., pp. 203, 205, § 20), and it is not a grant of public money in aid of an individual, but the law requires an official bond, and when there are certain costs attached, the law, recognizing that they are of a public sort, may cause them to be paid without violating section 94 of the Constitution, which has no application to the public business of counties. Board of Revenue v. Puckett, 227 Ala. 374, 149 So. 850.

It is virtually conceded that the decree of the court should be affirmed if we uphold the act and its several features against the constitutional attack which we have discussed. Since we cannot sustain any of the contentions so made against the validity and effect of the act, the decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.