80 So.2d 728

**William E. REED**

v.

**Hon. Robert M. HILL, Judge.**

**8 Div. 726.**

Supreme Court of Alabama.

May 26, 1955.

Harry Strange, Russellville, for petitioner.

Mitchell & Poellnitz, Florence, for respondent.

SIMPSON, Justice.

This is a petition for a writ of mandamus by Reed, who was the plaintiff in a tort action against one Howell in the Law and Equity Court of Franklin County. The tort action grew out of a collision of motor vehicles.

Universal Underwriters Insurance Company filed a bill in equity for a declaratory judgment to determine whether or not it was liable as insurance carrier of Howell. The issues as finally developed, by bill and answer, seem to be whether or not Howell notified the Company of a substitution of vehicles or whether or not the requirement of such notice was waived. Along with petitioner's answer to the bill for declaratory judgment, he filed a demand for a jury trial of the issues raised by the answer, which demand was denied by the trial court. The object of the instant petition is to secure an order from this court directing the trial court to grant petitioner Reed a jury trial.

It may be conceded that a party to a bill seeking a declaratory judgment is entitled to a jury trial as a matter of right if he would have had such a right in the cause of action for which the declaratory relief may be considered a substitute. Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; Annotation, 13 A.L.R.2d 777.

But in all other cases a jury trial on issues presented by a bill in equity for a declaratory judgment is permissive only. § 164, Title 7, Code 1940. See Shamblin's case, supra (syl. 3).

The question then in this case is whether or not the issues presented by the bill for declaratory judgment and the answer thereto are legal ones which but for the bill petitioner could have demanded a jury trial at law.

Petitioner sued Howell in a court of law. He has shown no right to a legal cause of action against Howell's insurance carrier. See 46 C.J.S., Insurance, § 1191 and Goodman v. Georgia Life Insurance Co., 189 Ala. 130, 66 So. 649. The only right we know that petitioner could have against the insurance carrier is the equity proceeding provided for in § 12, Title 28, Code 1940. That section gives to the plain-

tiff in judgment a vested interest by way of hypothecation in the amount due the insured by the insurer after the rendition of the judgment against the insurer. Macey v. Crum, 249 Ala. 249, 30 So.2d 666; George v. Employers' Liability Assur. Corp., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438. This statutory proceeding is to enforce that right or interest by way of an equitable lien created by the statute and enforceable only in equity. Therefore, the right to a trial by jury to determine a controversy purely legal in nature does not here obtain and the pertinent rule stated above is inapplicable.

Writ denied.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.