Strafford,
No. 4684.

AMERICAN EMPLOYERS' INSURANCE COMPANY

*v.*

BERNARD H. LIBERI & a.

Argued November 5, 1958.
Decided December 31, 1958.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse* (*Mr. Morse* orally), for the plaintiff.

*O. J. Gregoire* for defendants Bernard H. and Bertha M. Liberi, furnished no brief.

*Fisher, Parsons & Moran* (*Mr. Moran* orally), for the defendants.

KENISON, C. J.  Whether the defendants cooperated with the plaintiff as required by the terms of the policy presented an issue of fact.  *Glens Falls &c. Co.* v. *Keliher,* 88 N. H. 253.  Evidence indicating non-cooperation was the failure of the defendants to submit a signed statement of the accident from November 26, 1947 until August 19, 1954, when the plaintiff instituted this petition for declaratory judgment and their neglect to mail a statement which they promised in April 1948.  There was also evidence of cooperation in that the defendants never refused to talk with the plaintiff's investigators, and that their refusal to sign statements in April 1948 was because they were considered inaccurate.  When a written statement was taken on August 10, 1954, they did not sign it until examined by their attorney who forwarded it August 23, 1954, after this declaratory action was brought.

Petitions for declaratory judgment were first authorized by Laws

1929, c. 86, now RSA 491:22. The right to trial by jury of issues presented by such a petition was considered by this court in *Employers Assurance Co.* v. *Tibbetts,* 96 N. H. 296. As was then pointed out, the provision of the statute that such actions be presented by "petition" does not make them proceedings in equity for that reason alone; and the parties have a right to trial by jury of issues presented in actions for declaratory relief if the same issues would be so triable when presented in common-law actions. *Id.,* 298.

If there were no provision for declaratory relief in this jurisdiction, the issue submitted to the jury in this case was one which would normally be presented by an action at law by the insureds for breach of the agreement of insurance. Since in such an action the insurer would be entitled as a matter of right to have the issue decided by jury, it was similarly entitled to have the verdict of the jury in the pending petition for declaratory relief accorded binding effect. *Dickinson* v. *General Accident &c. Corp.,* 147 F. 2d 396 (9th Cir. 1945). Hence the Trial Court was in error in treating the verdict as advisory and in setting it aside as "not satisfactory upon which to base a decree."

In entering its order the Court apparently proceeded under RSA 491:16, authorizing such action with respect to verdicts upon issues framed and tried by jury "in probate appeals and bills in equity." While under the practice followed in our Superior Courts petitions for declaratory judgment are commonly placed upon the equity docket, they are not "bills in equity" for that reason alone. *Employers Assurance Co.* v. *Tibbetts, supra.* The statute relied upon by the Court was not intended to permit it to disregard a jury verdict upon an issue triable by jury as a matter of right in actions other than probate appeals and bills in equity. *Gauthier* v. *Gosselin,* 94 N. H. 496. See anno. 156 A. L. R. 1147, 1153-1156.

The defendants argue that the verdict was properly "set aside" because of errors in the instructions relating to the burden of proof. Their exceptions to these instructions have not been transferred, but the instructions appear to have followed the settled law here. *Travelers Ins. Co.* v. *Greenough,* 88 N. H. 391; *Manter* v. *Boston &c. Ins. Co.,* 93 N. H. 21, and cases cited; 23 A. L. R. (2d) 1243.

*Exception sustained; judgment for the plaintiff.*

All concurred.