128 So.2d 105

**C. J. MAJOR et al.**

**v.**

**STANDARD ACCIDENT INSURANCE COMPANY.**

**I Div. 872.**

Supreme Court of Alabama.

Jan. 12, 1961.

Rehearing Denied March 30, 1961.

Frank A. Massa, Robt. E. Hodnette, Jr., and Ross Diamond, Jr., Mobile, for appellants.

W. C. Boone, Jr., and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellee.

LAWSON, Justice.

This appeal is taken to reverse the declaratory judgment rendered in the Circuit Court of Mobile County, in Equity, in favor of the appellee insurance company.

The insurance company on May 3, 1958, issued to the appellant, C. J. Major, an automobile liability policy which is called a "non-owner" policy. It carried an endorsement that it did not apply:

"(a) to any automobile owned by the named insured or a member of the same household other than a private chauffeur or domestic servant of the named insured or spouse * * *."

C. J. Major while operating a 1955 Pontiac automobile during the life of the policy was involved in a collision with an automobile driven by Mrs. Sermetto P. McKleroy. Immediately following the collision, the automobile which Mrs. McKleroy was driving ran into and damaged an office building used by Mobile Federal Savings and Loan Association.

The policy obligated the insurance company, with respect to such insurance as is afforded by the policy, to defend a suit against the insured and to pay a recovery within specified limits.

The insurance company filed its petition for declaratory judgment on the equity side of the Circuit Court of Mobile County to obtain a declaration of rights under the policy issued to C. J. Major. In addition to the insured, the petition named as respondents Mrs. McKleroy, her husband,

Virgil J. McKleroy, and the Loan Association.

The petition alleged, in substance, that C. J. Major was the owner of the automobile which he was driving at the time it collided with the automobile driven by Mrs. McKleroy and, hence, he was excluded from coverage under the aforementioned policy at the time of the collision. The relief asked was a declaration or declarations to the effect that the insurance company was under no obligation to the insured or to those who sustained injuries as a result of the collision because the automobile driven by insured belonged to him.

The loan association filed its answer on February 27, 1959, without endorsing thereon a request for jury trial. C. J. Major filed his answer on March 11, 1959. He did not at that time demand a jury trial. The McKleroys filed their answer in open court on May 20, 1959, and placed thereon a request for a trial by jury. On the same day the loan association and C. J. Major filed separate written demands for a jury trial.

The insurance company's motion to strike the demands for jury trial was granted.

The trial was thereafter had to the court on the sole question as to the ownership of the Pontiac automobile driven by C. J. Major at the time it collided with the automobile driven by Mrs. McKleroy.

The court found: " * * * that at the time of the collision alleged in the Bill of Complaint respondent, C. J. Major, was the owner of the 1955 Pontiac in question, and thus was excluded from the coverage under the policy of insurance and the endorsement thereon, * * *."

On these findings a judgment was rendered for the insurance company.

The respondents have appealed to this court.

■ The threshold question on the appeal is whether it was error for the trial court to strike the demands for jury trial. We think it was.

There is no time prescribed by the Declaratory Judgment Law in which a demand for jury trial must be made. As to petitions for declaratory judgments filed on the law side the defendant, no doubt, must make a written demand for a jury trial within thirty days after the perfection of service on him. Section 260, Title 7, Code 1940. But we have held that the provisions of § 260, Title 7, supra, do not ordinarily apply in equity. Isbell v. Perry, 263 Ala. 292, 82 So.2d 633; Ex parte Spence, Ala., 122 So.2d 594 [1]. We find no statute which fixes a time within which jury trials must be requested in all cases filed on the equity side and, as indicated above, we are aware of no such provision which relates specifically to petitions for declaratory judgment.

■ While petitions for declaratory judgment may be filed on the equity side, they are not "bills in equity" for that reason alone.

■ The parties have a right to trial by jury of all issues of fact presented in declaratory judgment proceedings on the equity side if the same issues would be so triable when presented in common-law actions. Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; Reed v. Hill, 262 Ala. 662, 80 So.2d 728.

The issue in this case was the ownership of the car which C. J. Major was driving at the time of the accident. A determination of that issue was dependent in part, at least, on facts.

If there was no provision for declaratory relief in this jurisdiction, the issue in this case was one which could ultimately be presented by an action at law by the insured for breach of agreement of insurance. American Employers' Insurance Co. v. Liberi, 101 N.H. 480, 147 A.2d 306.

As to the insured, the appellant, C. J. Major, the justiciable controversy set forth

1. 271 Ala. 151.

in the petition to be adjudicated in the proceedings is such as has been traditionally and is now determined in trial by jury in courts of law. Johnson v. Fidelity & Casualty Co. of New York, 8 Cir., 238 F.2d 322.

We hold, therefore, that C. J. Major was entitled to a jury trial.

We come now to a consideration of the assignments of error which attack the action of the trial court in striking the jury demands filed by the McKleroys and the loan association.

Appellee relies upon our holding in Reed v. Hill, 262 Ala. 662, 80 So.2d 728, which was applied in Thompson v. Hill, 263 Ala. 4, 81 So.2d 531, a companion case.

In the Reed case, supra, we held that Reed, the plaintiff in a tort action against the insured, Howell, did not have a right to a jury trial in a declaratory judgment proceeding instituted by the liability insurer to determine its liability to the plaintiff in the tort suit. The right of Howell to a jury trial was not before us in the Reed case or in the Thompson case.

In the Reed case we said [262 Ala. 662, 80 So.2d 729], in part: "The only right we know that petitioner could have against the insurance carrier is the equity proceeding provided for in § 12, Title 28, Code 1940." Reed, therefore, was held not entitled to a jury trial because the record before us did not show any right on his part to proceed at law before a jury. The same situation existed in the Thompson case. The records in the Reed and Thompson cases did not contain the insurance policies.

But in this case the policy of insurance itself provides that "any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

Under this contract a like jurisdiction is conferred upon a court of law as is vested in a court of equity by § 12, Title 28, supra. Pennsylvania Thresherman & Farmers' Mut. Cas. Ins. Co. v. Crapet, 5 Cir., 199 F.2d 850, and Alabama cases there cited and relied upon.

It follows that the court erred in striking the jury demands of the McKleroys and of the loan association.

The declaratory judgment appealed from is reversed and this case is remanded for a jury trial.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.

