213 So.2d 676

**ALABAMA ELECTRIC COOPERA-
TIVE, INC.**

v.

**CITY OF LUVERNE et al.**

4 Div. 236.

Supreme Court of Alabama.

Aug. 15, 1968.

Wm. R. King, Luverne, Wm. H. Baldwin, Andulusia, and Rushton, Stakely & Johnston, Montgomery, for appellant.

Kettler & Kettler, Luverne, for City of Luverne.

Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, and Ben H. Lightfoot and Alton L. Turner, Luverne, for Alabama Power Co.

MERRILL, Justice.

This case was originally assigned to another member of the court and was reassigned to the author of this opinion on July 29, 1968.

This appeal is from a decree in a declaratory judgment proceeding to construe a contract between appellant and the City of Luverne relating to the furnishing of electricity to the city by appellant, and the main question was the right of termination.

The City of Luverne, appellee, in its original bill of complaint, presented three aspects. It was shown that appellant was furnishing electricity for the operation of appellee's municipal electric distribution system and that appellee desired to terminate its contract with appellant and buy its electric energy from Alabama Power Company. The first aspect sought a construction of paragraph (3) of the contract between appellant and appellee dealing with

**618**

the "Duration of Agreement" and that is the only aspect before us, because the aspect charging appellant with failure to provide service, and the aspect charging a conflict of interest on the part of Mayor Sikes, who executed the contract in 1960 on behalf of appellee, were removed from consideration prior to the hearing before the circuit court, in equity.

The cause was heard on April 23, 1965. The trial court entered a decree on May 18, 1965, holding in part as follows:

"1. That a justiciable controversy exists between complainant and the respondents.

"2. That the complainant had the right to terminate the agreement entered into with respondent, Alabama Electric Co-Operative, Inc., dated April 15, 1960, and marked Exhibit 'A' to the bill of complaint, as amended, by giving six months notice in writing to the respondent, Alabama Electric Cooperative, Inc., of its intention to terminate the same.

"3. That the complainant, City of Luverne, a Municipal Corporation, gave six months notice in writing to the respondent, Alabama Electric Cooperative, Inc., of its intention to terminate the agreement, executed on April 15, 1960, thereby terminating said agreement according to the terms thereof, effective June 1, 1965.

"4. That the complainant had the right to contract with the respondent, Alabama Power Company, a Corporation, for the supply of electric power to complainant, to commence not less than six months from the date of notice of termination of the aforesaid agreement between complainant and Alabama Electric Cooperative, Inc."

On May 26, 1965, appellant sought permission to file a supersedeas bond, but the motion was denied by the court on that date.

The first argued assignment of error deals with a preliminary matter. When appellant filed its answer, it also demanded a trial by jury. Appellee filed a motion to strike the demand for jury trial; the motion was heard and granted on March 24, 1965, on the ground that there would be no factual issue to present to a jury. Assignment 3 charges that the court erred in striking the demand for a trial by jury.

■ The parties to a declaratory judgment proceeding in equity have a right to trial by jury of all issues of fact presented if the same issues would be so triable when presented in common-law actions. Major v. Standard Accident Ins. Co., 272 Ala. 22, 128 So.2d 105; Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234.

Appellant contends that the trial court was in error because the "material allegations of the bill of complaint such as execution of the contract, and the giving of notice, would certainly be issues triable by a jury in a common law action for breach of contract."

But these points were not issues in the trial. The bill alleged the existence and execution of the contract and the contract was attached as an exhibit to the bill; and appellant, in its answer, admitted these allegations. And in paragraph 6 of its answer, appellant stated " * * * that Complainant attempted to terminate the agreement between the City of Luverne and Alabama Electric Co-Operative, Inc. allegedly in conformity with paragraphs 3 and 19 of said agreement, by notifying this Respondent in writing of such action by the Complainant. This Respondent, however, denies that said notice terminated said agreement * * *. That said notice to terminate given by the Complainant to this Respondent under paragraph 3 of said agreement is premature and ineffectual. * * *"

■ There were no facts required to be determined by a jury. The only issue left was a construction of the contract and in the instant case, that was a question of law. See Reed v. Hill, 262 Ala. 662, 80 So.2d 728. The trial court did not err in denying a trial by jury.

Assignment 1 charges error in the holding that appellee had the right to terminate the contract by giving six months notice in writing of its intention to terminate it.

Paragraph 3 of the contract provides:

"*Duration of Agreement.* This Agreement shall continue in full force and effect for a period ending May 1, 1970, and from year to year thereafter (unless notice of intention to terminate this Agreement at the expiration of said period be given in writing by either party to the other party at least six (6) months prior to the last day of said period) unless either party shall give at least six (6) months notice to the other in writing of its intention to terminate this Agreement."

Appellant contends that there is no provision in paragraph 3 under which the contract could be terminated prior to May 1, 1970. It argues that the parenthetical clause refers to "a period ending May 1, 1970"; and the final "unless" clause (following the close of parenthesis) refers to the "year to year thereafter" arrangement which is effective automatically in the event neither party terminated the contract on May 1, 1970. We cannot agree.

It is clear to us that the parenthetical clause refers only to a situation where either party could forestall or obviate the "year to year" extention of the contract beyond May 1, 1970, by giving six months notice prior to May 1, 1970.

■ Omitting the parenthetical clause, the agreement would read:

"*Duration of Agreement.* This Agreement shall continue in full force and effect for a period ending May 1, 1970, and from year to year thereafter unless either party shall give at least six (6) months notice to the other in writing of its intention to terminate this Agreement."

It is also clear that the "unless" clause qualifies the running of the full term to May 1, 1970, and if the six months notice were given prior to May 1, 1970, the contract could be terminated. The trial court did not err in holding that appellee had the right to terminate the agreement prior to May 1, 1970, by giving the required six months notice.

■ Assignment 2 charges that the court erred in holding that appellee gave the six months notice of termination. As already shown, that was not a contested issue, as it was admitted by both sides, proved by appellee and not traversed by appellant.

Assignment 4 charges that the court erred in denying appellant the right to make a supersedeas bond.

Title 7, §§ 793, 794 and 795, Code 1940, deal with instances in which a supersedeas bond may be given. These sections apply only if the judgment or decree is (1) for the payment of money; (2) for the performance of some act or duty, and (3) for the recovery, possession or sale of real or personal property.

■ The decree in this case, being merely declaratory, does not fall within any of the categories of judgments or decrees for which a supersedeas may be granted. Appellant sought to give a supersedeas bond under Tit. 7, § 795, Code 1940. In Riley v. Wilkinson, 247 Ala. 579, 25 So.2d 384, we said:

"Section 795, Title 7, Code, authorizes the judge to fix a supersedeas bond if the decree be only for the performance of some act or duty or the sale of property, etc. It does not in terms make provision for a supersedeas when the decree merely prohibits an act to be done, neither does any other statute. * * *"

And in Garrison v. First National Bank of Birmingham, 233 Ala. 687, 173 So. 88, we said that the judgment did not fit any of the categories listed supra, and "therefore, was not governed by the provisions of section 6134 (now Tit. 7, § 795) of the Code."

No reversible error has been presented.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.