266 So.2d 272

**W. Basil CAMPBELL**

v.

**John SHELL et al.**

7 Div. 927.

Supreme Court of Alabama.

Aug. 24, 1972.

---

1. The court also found that New York Life Insurance Company held a first mortgage which was superior to Jacobson's lien.

Burns, Carr & Shumaker, Gadsden, for appellant.

Robert H. King, Gadsden, for appellee, Jack Thornton.

## PER CURIAM.

In this suit the appellant filed his petition on the equity side of the Circuit Court of Etowah County seeking a declaratory judgment to the effect that the action of the Civil Service Board of the City of Gadsden, Alabama, has violated the rules and regulations of said Board in making a promotion of one Jack Thornton to the rank of Assistant Chief of the Gadsden Fire Department. The petitioner also seeks an injunction against future promotions of the kind alleged to be invalid. The petitioner is alleged to be a Lieutenant in the fire department of Gadsden, Alabama. Jack Thornton, the person alleged to have been improperly promoted in the fire department, and the members of the Civil Service Board of the City were made respondents. The petition alleges that the ranks of the officers and members of the Fire Department of the City of Gadsden, Alabama, from the highest to the lowest, are listed as Chief, Assistant Chief, Captain, Lieutenant. It is alleged that the Civil Service Board of the City of Gadsden is vested with power to pass rules and regulations relating to eligibility for promotion in this department, and that the Board did, prior to the incidents in question, pass a resolution providing that in or-der for a person to be eligible for promotion to the rank of Assistant Chief of the department, such person is required to take a promotional examination for said rank and must also serve a minimum of one year in the rank of Captain in the department. It is further alleged that the Civil Service Board violated the laws and rules governing promotions in this department by promoting Jack Thornton to the position of Assistant Chief of the department at a time when he held the rank of Lieutenant in the department, and that this promotion was a violation of the laws and rules governing such promotions in that the said Jack Thornton was not given a promotional examination and he had not served a minimum of one year in the rank of Captain of the department.

It is alleged that the petitioner has been injured by the said promotion in that had the Board followed the rules and regulations in promoting a Captain to the position of Assistant Chief the petitioner, who was a Lieutenant, would have been eligible for consideration for promotion to fill the vacancy of the Captain who was promoted to Assistant Chief. The petitioner also contends as a taxpayer of the City of Gadsden, Alabama, that he has a right to complain of the unlawful promotion, because the said Jack Thornton as Assistant Chief of the Fire Department has been unlawfully placed in a position to receive additional salary from the City of Gadsden, and that this additional salary is paid from tax funds paid by the petitioner and other taxpayers of the city.

After demurrers of two of the respondents had been overruled these respondents filed an answer, and one of them filed a cross bill naming the petitioner, the Attorney General of Alabama, and other city officials as cross-respondents. This cross bill was later dismissed, and it is not material at this time to a decision of the issues of this case. After the dismissal of the cross bill all of the respondents filed a substituted answer to the petition as amended. This answer admits some of the allegations

contained in the preliminary section of the petition, and it denies the other allegations of the petition. It denies that there is a justiciable controversy alleged in the petition as amended, and sets up the allegation that the complainant, as a member of the Fire Department of the City of Gadsden, had a right to appeal the action of the Board complained of to the Circuit Court of Etowah County, Alabama, under the provisions of the Civil Service Act, but that the time has expired in which such appeal can be taken, and that he did not exercise this right. It is alleged that he has waived his right to proceed in a declaratory judgment action.

After filing the answer the respondents filed a motion to dismiss the suit, filing at the same time an affidavit designated Exhibit "A". The affidavit is jointly made by the Chief of the Gadsden Fire Department and the Chairman of the Civil Service Board of the City of Gadsden. It sets out that the petitioner has been promoted to the position of Captain since the filing of this suit; that when the said Jack Thornton was promoted to Assistant Chief of the Department the complainant was a Lieutenant and was not eligible for promotion to the position of Captain under the policies of the Civil Service Board, even though there may have been a vacancy. The affidavit sets out in detail the policy of the Civil Service Board with reference to efficiency reports, seniority and final grade on examinations, and concludes that the rating of the complainant was such that a vacancy in the position as Captain in the department would not have been available to the petitioner at the time in question. It sets out other facts to the effect that after the promotion of Jack Thornton there occurred other vacancies and after two of them had been filled by others with higher ratings than the petitioner a third vacancy occurred, and the petitioner was promoted.

Subsequent to the filing of this Exhibit "A" the parties filed what it designated "stipulation of fact". This stipulation is signed by the attorneys representing the respective parties and is to the effect that the petitioner is over twenty-one years of age, is a resident citizen and taxpayer of Gadsden, Alabama, and was a Lieutenant in the Gadsden Fire Department at the time of the institution of this suit. The respondents are over twenty-one years of age and are members of the Gadsden Civil Service Board. The ranks of the Gadsden Fire Department in descending order are: Chief, Assistant Chief, Captain, Lieutenant, Driver and Fireman. It is further stipulated that the Gadsden Civil Service Board has authority to make rules and regulations relating to eligibility of promotion in the Gadsden Fire Department, and said Board did on January 31, 1967 adopt a resolution which is made Exhibit "A" to the petition, which was referred to above. It was further stipulated that Jack Thornton was promoted to the rank of Assistant Chief in the Gadsden Fire Department on the 17th day of August, 1970. This instrument then proceeds to set out what the parties consider to be four issues under the section thus designated. The motion to dismiss was argued, and there were no other proceedings leading up to the decree of the court. The decree refers to the motion to dismiss as a motion to "dismiss and a motion to test the legal sufficiency of the bill". The decree grants the motion, and the petition was dismissed. The petitioner filed an application for rehearing, and the same was denied. This appeal was then taken by the petitioner to the Civil Court of Appeals, and it was transferred to this court. No point is made concerning the procedures of appeal or transfer of the case to this court. The appellant assigned nine grounds of error.

■■■ This suit was filed on the equity side of the docket under the Declaratory Judgment Act, §§ 156–168, Tit. 7, Code of Alabama, 1940, as recompiled 1958. Petitions for declaratory judgment may be filed on the equity side of the docket, but they are not bills in equity for that reason

alone. Major v. Standard Acc. Insurance Company, 272 Ala. 22, 128 So.2d 105. They have been referred to loosely both as bills and as petitions when no point was being made of the name, as is indicated by a reading of our cases. Though actions for declaratory judgment are statutory in nature there has been no special statutory procedure established for them and our conventional rules of procedure and pleadings have been applied in such cases. See American Federation of State, County and Municipal Emp. v. Dawkins, 268 Ala. 13, 104 So.2d 827; Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851. Courts will proceed according to their established rules in such cases. Alldredge v. Dunlap, et al., 240 Ala. 27, 197 So. 36. Assignments 1–3 question the procedure of the trial court. This brings us to a consideration of the propriety of the proceedings below.

■■ After the case was at issue in the trial court the respondents filed the motion to dismiss, supporting the motion with an affidavit, Exhibit "A". The motion to dismiss for want of equity has been abolished in Alabama. Equity Rule 14, Vol. 3, Code of Alabama, 1940, Recompiled 1958. The legal sufficiency of the petition as amended would properly be tested by demurrer, as it was so tested before the filing of the substituted answer. Without leave of the court an additional demurrer may not be filed after a demurrer to the same pleading· has been submitted and ruled upon. Equity Rule 14, supra. The record does not show an application for leave to file the motion to dismiss. If the motion were considered a demurrer this would be necessary under the above stated rule. We are of the opinion that this motion cannot be considered as a demurrer.

■ In view of the state of the pleadings this court is of the opinion that established procedure would have required that the case be heard on the issues of law made by the pleadings; if the petitioner's case survived the determinations of the questions of law so presented he would

have been entitled to a declaration of the rights of the parties as prayed. If the trial court had determined or subsequently determines by ruling on the pleadings that petitioner is not entitled to such declaration of rights this finding should be declared. The affidavit attached to the motion to dismiss was not a part of the pleadings so as to affect the issues. The facts stated in the affidavit might have been injected into the pleadings by way of amendment to the answer had the respondents wished the advantage of the same. In that event the legal sufficiency of the answer as amended could have been tested. If the answer survived the test the complainant would have had an opportunity to respond to the affidavit and make such issues of law or fact as the pleadings presented. It does not appear that the appellant waived his rights as a party to a determination of the issues as made by the pleadings, nor does it appear that the appellant agreed to a submission of the case on the motion to dismiss. The submission on the motion to dismiss cannot be construed as submission upon bill and answer, since such submission can be had only by agreement of the parties. Equity Rule 58, Code of Alabama, 1940, as Recompiled 1958.

The foregoing leads us to the conclusion that the motion to dismiss the case at this stage of the proceedings was not consistent with our rules of equity pleading and procedure, and this necessitates a reversal of the decree.

Since we find Assignments of Error 1, 2 and 3 are well taken we do not reach the other Assignments of Error. The order of dismissal is, therefore, hereby set aside; the decree of the trial court is reversed, and the case is remanded to the trial court with directions to restore the same to the trial docket for further proceedings consistent with this opinion.

The foregoing opinion was prepared by NEWTON B. POWELL, Circuit Judge, specially assigned to the Supreme Court by

order of the Chief Justice, and was adopted by this court as its opinion.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, BLOODWORTH, MADDOX and Mc-CALL, JJ., concur.