Plaintiffs, Craig and Ivous Burton, and defendants Harry and Olivia Sherer own adjacent pieces of property in Jasper, Alabama. A dispute arose concerning the construction of an access road to the Burtons' property across that of the Sherers, and the Burtons filed a suit for declaratory judgment.
Service was not perfected on defendants, Harry and Olivia Sherer, but a default judgment was rendered against them on December 21, 1978. When the Sherers learned of the default judgment, they made a motion to have it set aside. Judge Leon Beaird agreed to set aside the default, but he recused himself before doing so. Judge Horace Nation, unaware of these circumstances, heard the case ore tenus on the merits on August 14, 1979. When the failure to set aside the default was brought to the attention of the defendants, they made another motion to set aside the default. The default judgment was set aside and a supplemental record was certified on June 12, 1980.
Both the Sherers and the City of Jasper, the other defendant, demanded a jury trial in their answers. Judge Nation denied the jury trial demand both as a matter of law and as not timely filed. He ruled in favor of the plaintiffs on the merits on August 24, 1979, and defendants Harry and Olivia Sherer appealed to this Court.
Defendants assign as error four separate grounds. Since we find as dispositive one of these grounds, we do not reach the other three.
"[A] party to a bill seeking a declaratory judgment is entitled to a jury trial as a matter of right if he would have had such a right in the cause of action for which the declaratory relief may be considered a substitute." Hanks v.Hanks, 281 Ala. 92, 97, 199 So.2d 169, 173 (1967); Reed v.Hill, 262 Ala. 662, 663, 80 So.2d 728, 729 (1955). See also, Code 1975, § 6-6-228. In the case before us, the underlying action is trespass, since, absent this action, the plaintiffs *Page 992 
would have been liable to the defendants in trespass for building or for attempting to build a road on the defendant's property. Trespass is both a legal action, McGill v. Varin,213 Ala. 649, 106 So. 44 (1925), and an equitable action, Bailey v.Washington, 236 Ala. 674, 185 So. 172 (1939). The right to a jury trial in an action for declaratory judgment is not dependent on which party commences the lawsuit. Porter v.Alabama Farm Bureau Mutual Casualty Insurance Co., 279 Ala. 499, 187 So.2d 254 (1966). If there had been no suit for declaratory judgment filed, the defendants could have commenced an action against the plaintiffs for damages in trespass. See,Borland v. Sanders Lead Co., 369 So.2d 523 (Ala. 1979). Although the plaintiffs pre-empted this action by filing a suit for declaratory judgment, they are not thereby entitled to circumvent the defendants' right to a jury trial. Defendants were entitled as a matter of law to a jury trial, assuming the demand for one was timely filed.
Under Rule 38 of the Alabama Rules of Civil Procedure, a demand for a jury trial must be made within "30 days after the service of the last pleading directed to such issue." Here the demand was made in the defendants' answer; thus, it was timely made. The trial judge erred in refusing to grant a jury trial, and the trial court decision is hereby reversed.
REVERSED and REMANDED.
FAULKNER, SHORES, EMBRY and ADAMS, JJ., concur.