PER CURIAM.
Petitioner requests this court to grant a writ of mandamus to the Chancery Division of the Jefferson County Circuit Court.
Petitioner filed suit against respondent. The suit which sought money damages alleged (1) fraud, (2) conversion, (3) breach of warranty, and (4) violation of the Truth-in-Lending law. Petitioner demanded a trial by jury on the first three theories and requested a separate trial on the fourth. The court below denied petitioner’s demand for a jury trial and stated that he would try all the issues at one time. Petitioner now seeks relief in this court.
Mandamus is the proper remedy to enforce a right to trial by jury. Ex parte Merchants Nat’l Bank of Mobile, 257 Ala. 663, 60 So.2d 684 (1952). A party is entitled to a trial by jury if the issues presented by the pleadings are purely legal matters over which common law equity had no jurisdiction. Poston v. Gaddis, Ala.Civ. App., 335 So.2d 165, cert. denied, Ala., 335 So.2d 169 (1976). The issue of damages has always been recognized as a purely legal matter unless incidental to equitable relief. Id. Since the counts for fraud, conversion, and breach of warranty include the issue of damages, the petitioner is therefore in this instance entitled to a jury trial on those counts.
Petitioner also requests this court to require that the Truth-in-Lending claim be tried separately. Rule 42(b) of the Alabama Rules of Civil Procedure grants to the trial judge the discretion to order separate *95 trials. Therefore, this matter is addressed to the learned trial judge’s discretion.
A writ of mandamus is due to be granted unless the respondent-trial judge, after being advised of this opinion, enters an order consistent with the above.
WRIT GRANTED CONDITIONALLY.
All the Judges concur.