ADAMS, Justice.
This petition for a writ of mandamus involves the right to a jury trial in a declaratory judgment action. Defendant, George S. Rush, d/b/a Rush Engineers, seeks to compel the Honorable Robert M. Parker, Circuit Judge, to grant his request for a jury trial made in his answer and counterclaim to the complaint. Plaintiff, Jacksonville State University, did not request a jury trial, and moved to strike defendant’s request. Judge Parker granted plaintiff’s motion. Defendant then sought review of the trial judge’s action by this petition.
The dispositive issue on this appeal is: Did Judge Parker err in granting plaintiff’s motion to strike defendant’s request for a jury trial? We hold that he did, and we award the writ conditionally.
Plaintiff brought a declaratory judgment action against defendant in the Circuit Court for Calhoun County. It alleged that the parties entered into a contract on August 16, 1977, for the construction of a military science building on plaintiff’s property. According to the complaint, plaintiff was to withhold a 10 percent retainage from payments due defendant for materials furnished and work completed, until the value of the in-place construction reached 50 percent of the contract value. Thereafter, no additional retainage was to be withheld from the progress payments. Plaintiff alleges that it withheld $36,042.73, which it deposited in an escrow account. A certificate of deposit was issued jointly in that amount to plaintiff and defendant. A dispute over the contract arose, which apparently resulted in the entrance into the dispute of the insurance carrier which wrote defendant’s performance bond. Plaintiff contends that a settlement was reached and that defendant is owed nothing more as a result of the agreement. Its complaint alleges that the certificate of deposit should have been issued only in its name, and that it rightfully owns the $36,042.73. The defendant disagrees, and by way of an amended answer and counterclaim, asserts that he is the rightful owner of the certificate of deposit or, in the alternative, at *1389 least $5,000.00 of it. Because the bank issuing the certificate would not pay the money to plaintiff without defendant’s endorsement, plaintiff commenced a declaratory judgment action.
In addition to the parties’ pleadings, the following transpired in the trial court. Defendant moved to dismiss the complaint under Rule 12(b)(6), Alabama Rules of Civil Procedure, contending it failed to state a claim upon which relief could be granted. Judge Parker denied that motion. Both parties requested the production of documents pursuant to Rule 34, A.R.C.P. Plaintiff moved to strike defendant’s request for a jury trial and demanded a speedy hearing. After a hearing, Judge Parker granted plaintiff’s motion and scheduled a hearing on the merits of the action. Defendant then petitioned this court for the requested writ of mandamus. After receiving the answer of Judge Parker and plaintiff, and the parties’ briefs, we took this matter under submission and stayed all proceedings in the trial court.
At the outset, we note the well established rule regarding a party’s right to a jury trial in a declaratory judgment action:
[A] party to a bill seeking a declaratory judgment is entitled to a jury trial as a matter of right if he would have had such a right in the cause of action for which the declaratory relief may be considered a substitute. Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; Annotation, 13 A.L.R.2d 777.
Reed v. Hill, 262 Ala. 662 at 663, 80 So.2d 728 at 729 (1955); quoted with approval in Sherer v. Burton, 393 So.2d 991 (Ala.1981), and Hanks v. Hanks, 281 Ala. 92, 199 So.2d 169 (1967). The same principle is recognized in Code 1975, § 6-6-228, part of Alabama’s version of the Uniform Declaratory Judgment Act:
When a proceeding under this article involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.
The cause underlying plaintiff’s declaratory judgment action is a contract dispute with attendant issues which would be tria-ble in a common law action. Porter v. Alabama Farm Bureau Mutual Casualty Insurance Company, 279 Ala. 499, 187 So.2d 254 (1966); Major v. Standard Accident Insurance Company, 272 Ala. 22, 128 So.2d 105 (1961). Indeed, it has been noted that a right to a jury trial exists as to “all issues of fact presented in declaratory judgment proceedings on the equity side if the same issues would be so triable when presented in common-law actions.” Major v. Standard Accident Insurance Company, 272 Ala. at 24, 128 So.2d at 107. Thus, unquestionably, defendant is entitled to assert his right to a jury trial on the issues of fact involved in the instant proceeding.
In their response to defendant’s petition, Judge Parker and plaintiff enumerate and explain various facts, apparently the result of the parties’ efforts at pre-trial discovery, to justify their position that only legal, and not factual, issues remain for resolution. That may, or may not, be the situation. Under the present posture of this case we will not venture a conclusion on that matter. We agree with defendant that the trial court, in effect, allowed plaintiff’s motion to strike to be used as a substitute for the summary judgment procedure provided in Rule 56, A.R.C.P.
The Uniform Declaratory Judgment Act is contained in Code 1975, § 6-6-220, et seq. Rule 57, A.R.C.P., provides, in pertinent part, that the rules of civil procedure apply to a declaratory judgment action. Discussing the similar federal rule of civil procedure, Rule 56, one commentator states: “There is no doubt as to the applicability of the summary procedure to a proceeding for declaratory relief.” 6 J. Moore, Moore’s Federal Practice ¶ 56.17[19] (2d ed. 1982) (footnote omitted). Even before the present rules of civil procedure were adopted, this Court recognized the principle that the usual rules of procedure and pleading apply to declaratory judgment actions:
Though actions for declaratory judgment are statutory in nature there has been no *1390 special statutory procedure established for them and our conventional rules of procedure and pleadings have been applied in such cases.
Campbell v. Shell, 289 Ala. 115 at 119, 266 So.2d 272 at 275 (1972).
Applying the principles applicable to summary judgment, we opine that it was improper for the trial court to have denied defendant a jury trial on issues of fact unless they were not in dispute:
In determining whether a summary judgment is proper, the ultimate question is whether there remains a genuine issue of material fact, and if there is one, summary judgment is inappropriate. Rule 56(e) ARCP; 6 Moore’s Fed.Prac., par. 56.15 (2nd ed. 1971). Put in another way, “[Wjhere the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.”
First National Bank of Birmingham v. Culberson, 342 So.2d 347 at 351 (Ala.1977), quoted with approval in Harold Brown Builders, Inc. v. Jordan Company, 401 So.2d 36 at 37 (Ala.1981). This court has applied the scintilla evidence rule in determining the propriety of submitting a case to the jury in a declaratory judgment action. Stonewall Insurance Company v. Lowe, 291 Ala. 548, 284 So.2d 254 (1973). In the instant case, the trial court should not have removed the case from the jury absent a finding, arrived at through the procedure for summary judgment contained in Rule 56, that no issues of material fact existed. Thus far, no such finding has been made. Therefore, the trial court erred in striking defendant’s request for a jury trial.
Judge Parker and plaintiff cite Alabama Electric Cooperative, Inc. v. City of Luverne, 282 Ala. 616, 213 So.2d 676 (1968), (Alabama Electric), in support of their position that in the absence of an issue of fact, the trial court may strike a party’s request for a jury trial. That case does support Judge Parker’s action. Alabama Electric involved a declaratory judgment action brought by the City of Luverne on the issue of the right of termination of a contract between it and Alabama Electric Cooperative, Inc. No issue of the appropriateness of summary judgment was raised in that case, which pre-dates our present rules of civil procedure. Alabama Electric Cooperative, Inc., answered the city’s complaint and demanded a jury trial. The trial court struck the utility’s request. This court gave the following reasoning in upholding the trial court’s action:
Appellant contends that the trial court was in error because the “material allegations of the bill of complaint such as execution of the contract, and the giving of notice, would certainly be issues triable by a jury in a common law action for breach of contract.”
But these points were not issues in the trial. The bill alleged the existence and execution of the contract and the contract was attached as an exhibit to the bill; and appellant, in its answer, admitted these allegations. And in paragraph 6 of its answer, appellant stated “ * * * that Complainant attempted to terminate the agreement between the City of Lu-verne and Alabama Electric Co-Operative, Inc. allegedly in conformity with paragraphs 3 and 19 of said agreement, by notifying this Respondent in writing of such action by the Complainant. This Respondent, however, denies that said notice terminated said agreement * * *. That said notice to terminate given by the Complainant to this Respondent under paragraph 3 of said agreement is premature and ineffectual ... . ”
Alabama Electric, 282 Ala. at 618, 213 So.2d at 677.
This court then cited Reed v. Hill, supra, in support of its reasoning:
There were no facts required to be determined by a jury. The only issue left was a construction of the contract and in the instant ease, that was a question of law. See Reed v. Hill, 262 Ala. 662, 80 So.2d 728. The trial court did not err in denying a trial by jury.
Alabama Electric, 282 Ala. at 618, 213 So.2d at 678.
*1391 Reed v. Hill does not support the decision arrived at in Alabama Electric. This court, in Reed v. Hill, also upheld the trial court’s denial of a request for a jury trial in a declaratory judgment action:
The question then in this case is whether or not the issues presented by the bill for declaratory judgment and the answer thereto are legal ones on which but for the bill petitioner could have demanded a jury trial at law.
Reed v. Hill, 262 Ala. at 663, 80 So.2d at 729. However, it upheld the denial by noting that the only right Reed, who demanded a jury trial, had was in the nature of an equitable lien, and that he had no legal cause of action. Therefore, even if there were disputed issues of fact, Reed would not have been entitled to a jury trial because he had no such right at common law. Porter v. Alabama Farm Bureau Mutual Casualty Insurance Company, supra; Major v. Standard Accident Insurance Company, supra; Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234 (1936). Prom the part of the opinion quoted above, we discern that a breach of contract issue, triable at common law, existed on the question of whether Alabama Electric Cooperative, Inc., received notice of termination pursuant to the terms of the contract. In any event, the decision in Alabama Electric is incompatible with the dictates of Rules 57 and 56, A.R. C.P. To the extent it is inconsistent with our opinion today, it is expressly overruled.
A writ of mandamus will lie to compel the granting of a trial by jury. Whitman v. Mashburn, 286 Ala. 209, 238 So.2d 709 (1970); Ex parte Merchants Nat. Bank of Mobile, 257 Ala. 663, 60 So.2d 684 (1952); Ex parte Smith, 395 So.2d 94 (Ala.Civ.App.1981). Noting the requirements for granting a writ of mandamus, this court said:
Mandamus is a drastic and extraordinary writ. Folmar v. Brantley, 238 Ala. 681, 193 So. 122 (1939). To grant an individual a writ of mandamus, there must be (a) a clear legal right in petitioner to the order sought, (b) an imperative duty upon the respondent to perform accompanied by a refusal to do so, (c) a lack of another adequate remedy, and (d) the jurisdiction of the court must be properly invoked. Ex parte Sykes, 44 Ala.App. 473, 213 So.2d 413 (1968).
Martin v. Loeb and Company, 349 So.2d 9 at 10 (Ala.1977). Here, we are of the opinion that defendant meets all four requirements for the writ.
If, upon receipt of this Court’s judgment, the trial court does not vacate its order striking defendant’s request for a jury trial, a writ of mandamus will issue upon request of defendant.
WRIT AWARDED CONDITIONALLY.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.